**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| hhgregg, Inc., *et al.*,[1] | Case No. 17-01302-11 |
| Debtors. | (Joint Administration Requested) |

**ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 503(b)(9), 1107(a), AND
1108 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS
TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS AND
(II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND
ELECTRONIC TRANSFER REQUESTS RELATED
<u>TO THE FOREGOING (DOC. NO. 13)</u>**

Upon consideration of the motion (Doc. No. 13) (the "<u>Motion</u>")[2] hhgregg, Inc. and its above-captioned affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order, pursuant to sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); HHG Distributing LLC (5875). The location of the Debtors' corporate headquarters is 4151 E. 96th Street, Indianapolis, IN 46240.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Code, (i) authorizing, but not directing, the Debtors to pay the Critical Vendor Claims held by Critical Vendors in an aggregate amount not to exceed the Critical Vendor Cap and (ii) authorizing the Banks to receive, process, honor, and pay checks presented for payment and electronic payment requests relating to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy amounts on account of Critical Vendor Claims; *provided*, *however*, that such payments shall not exceed $8,000,000 (the "Critical Vendor Cap") unless otherwise ordered by the Court.

3. The Debtors are authorized, but not directed, to condition the payment of Critical Vendor Claims upon such Critical Vendor's written agreement to continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, timing of payments, availability, and other terms) in place prior to the Petition Date (the "Customary Trade Terms").

4. The Debtors are authorized, but not directed, to negotiate trade terms with any Critical Vendor, as a condition to payment of any Critical Vendor Claim, that vary from the Customary Trade Terms (the "Negotiated Trade Terms") to the extent the Debtors determine, in

their reasonable business judgment, that such terms are necessary to procure essential goods or services or are otherwise in the best interests of the Debtors' estates.

5. The Debtors are authorized, but not directed, to condition the payment of Critical Vendor Claims upon such Critical Vendor's agreement to continue supplying goods or services on Customary Trade Terms or Negotiated Trade Terms for the duration of these chapter 11 cases by executing trade agreements (each a "Trade Agreement"). Such Trade Agreements, once agreed to and accepted by a Critical Vendor, shall be legally binding contractual arrangements governing the commercial trade relationship between the parties as provided therein.

6. The Debtors are authorized, but not directed, to pay the claim of a Critical Vendor that threatens to withhold goods or services unless its prepetition claim is paid if the Debtors conclude, in their reasonable business judgment, that such payment is necessary for the preservation of the Debtors' estates; *provided*, *however*, that any such payments will be subject to the applicable Critical Vendor Cap.

7. The Debtors are authorized, but not directed, to the extent consistent with documents providing debtor in possession financing or otherwise with the consent of the lenders extending such debtor in possession financing, to return merchandise to Critical Vendors in order to reduce the total amount of such Critical Vendors' Critical Vendor Claims. For the avoidance of doubt, Critical Vendors are permitted to accept merchandise returned by the Debtors and credit the value of such returned merchandise against Critical Vendor Claims without seeking relief from the automatic stay or further authorization from this Court.

8. If a Critical Vendor accepts payment pursuant to this Order and thereafter does not continue to provide goods and services on Customary Trade Terms or Negotiated Trade

Terms (regardless of whether a Trade Agreement has been executed), then (i) any payment on account of a Critical Vendor Claim shall be deemed, in the Debtors' reasonable business judgment, to be an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request, and (ii) upon recovery of the payment by the Debtors, the Critical Vendor Claim shall be reinstated as if the payment had not been made. If there exists an outstanding postpetition balance due from the Debtors to a Critical Vendor, the Debtors may elect to recharacterize and apply any payment made pursuant to this Order to such outstanding postpetition balance, and the Debtors may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor.

9. The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts, whether such checks or requests are presented or submitted prior to or after the Petition Date, to the extent such checks or requests are expressly identified by the Debtors as related directly to the payment of Critical Vendor Claims.

10. Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against a Critical Vendor; or (iv) shall be construed as a promise to pay a claim.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtors, and any documents providing for such debtor in possession financing.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #