UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>hhgregg, Inc.*, et al.*,[1]<br><br>Debtors. | CASE NO. 17-01302-RLM-11<br><br>(Joint Administration Requested) |

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I)
AUTHORIZING DEBTORS IN POSSESSION TO OBTAIN POST-PETITION
FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364, (II)
GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POST-PETITION
LENDERS PURSUANT TO 11 U.S.C. §§ 364 AND 507; (III) AUTHORIZING
THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES AND MODIFYING THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 361, 361, 363, AND 364;
AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULES 4001(B) AND (C) AND LOCAL RULE 4001-2.**

In support of her Objection (the "Objection") to the Debtors' Motion for
Interim and Final Orders (I) Authorizing Debtors in Possession to Obtain Post-
Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II)
Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to
11 U.S.C. §§ 364 and 507; (III) Authorizing the Use of Cash Collateral and
Providing Adequate Protection to Prepetition Secured Parties and Modifying the
Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (IV)
Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and
Local Rule 4001-2 ("Financing Motion") Nancy J. Gargula, the United States
Trustee for Region 10 (the "U.S. Trustee"), by and through her undersigned
counsel, states as follows:

---

[1] The debtors in these cases are hhgregg, Inc., Gregg Appliances, Inc., and HHG Distributing
LLC. The debtors have requested that the three cases be jointly administered. See cases 17-
01302-RLM-11, 17-01303-RLM-11 and 17-01304-RLM-11.

1.  This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

2.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

## BACKGROUND

4.  On March 6, 2017, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy Code.

5.  An official committee of creditors has not yet been appointed in this case.

6.  The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.  Concurrently with the Financing Motion, the Debtors have filed certain motions and applications also seeking certain "first day" relief on an emergent basis, including multiple other motions seeking authority to pay pre-petition obligations at the outset of these cases.

2

8.  The Debtors have also filed the Declaration Of Kevin J. Kovacs  In Support Of Chapter 11 Petitions And Requests For First Day Relief (the "Kovacs Declaration") (Docket No. 19).

## ARGUMENT

9.  The U.S. Trustee submits that approval of the Financing Motion need not be granted on an emergency, First Day basis, on inadequate notice to creditors and parties in interest, and with less than 24 hours' time for creditors and parties in interest to consider the Financing Motion, and to file responses and objections with the Court, and that the Court limit the relief sought to only the relief requested which will permit the Debtors the opportunity to maintain the status quo of their businesses for the next 21 days until such time as a Committee of Unsecured Creditors has been appointed and the Final Hearing on the Financing Motion can be heard.

10.      The U.S. Trustee specifically objects below to certain provisions of the Financing Motion and requests the Court not approve those provisions in any order approving the Financing Motion on an interim basis, and reserve any potential approval of those provisions until the final hearing on the Financing Motion.

11.      The U.S. Trustee objects to the inclusion of all chapter 5 claims in the post-petition collateral. Financing Motion at 16, "Security".

12.      U.S. Trustee quarterly fees are set by statute pursuant to 28 U.S.C. 1930(a)(6) and the U.S. Trustee objects to any provision that would

imply any U.S. Trustee quarterly fee other than that authorized by statute will accrue in this case. Financing Motion at 17, "Carve Out".

13.     The U.S. Trustee objects to any provision limiting a possible future unsecured creditors' committee from challenging the validity, priority and security of any alleged pre-petition lien. Financing Motion at 24, "Challenge Period".

14.     The U.S. Trustee objects to the Debtors' waiver of their surcharge rights under 11 U.S.C. § 506. Financing Motion at 27 and 36.

15.     Finally, as is true for all of the relief sought in the Financing Motion, Debtors should be required to prove by competent evidence that they are entitled to the relief they are seeking and that the terms of the proposed financing are the best terms available to the Debtors. In particular it is noted that the FILO Agent Closing Fee and FILO Agent Additional Closing Fee equate to 10% of the total FILO Loans borrowed from the FILO Lenders. This is in addition to the annual interest rates on the FILO Loans of 10% plus the monthly LIBOR rate (currently approximately 0.85%). Financing Motion at 24-25, "Interest Rates" and "Closing Fees".

16.     The U.S. Trustee reserves the right to supplement her Objection, or to withdraw her Objection, as the case may be, after an opportunity to more thoroughly review the Financing Motion at any time prior to the final hearing on the Financing Motion.

Date: March 7, 2017                    Respectfully submitted,

                                       NANCY J. GARGULA
                                       United States Trustee

                              By:      */s/ Ronald Moore*
                                       Ronald Moore
                                       Assistant United States Trustee

Office of the United States Trustee
101 W Ohio Street, Room 1000
Indianapolis, IN 46204
(317) 226-6268
Ronald.Moore@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2017, a copy of the foregoing *Objection* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Wendy D. Brewer on behalf of Creditor Haier US Appliance Solutions, Inc.
wbrewer@jensenbrewer.com, info@jeffersonbrewer.com

Kayla D. Britton on behalf of Creditor GACP Finance Co., LLC
kayla.britton@faegrebd.com,
rachel.jenkins@faegrebd.com;sarah.herendeen@faegrebd.com

Kayla D. Britton on behalf of Creditor Wells Fargo Bank, National Association
kayla.britton@faegrebd.com,
rachel.jenkins@faegrebd.com;sarah.herendeen@faegrebd.com

Sarah Lynn Fowler on behalf of Debtor hhgregg, Inc.
Sarah.Fowler@icemiller.com, Kathy.chulchian@icemiller.com

Ronald E Gold on behalf of Creditor Washington Prime Group Inc.
rgold@fbtlaw.com, awebb@fbtlaw.com;eseverini@fbtlaw.com

Terry E. Hall on behalf of Creditor GACP Finance Co., LLC
terry.hall@faegrebd.com,
sharon.korn@faegrebd.com;sarah.herendeen@faegrebd.com

Terry E. Hall on behalf of Creditor Wells Fargo Bank, National Association
terry.hall@faegrebd.com,
sharon.korn@faegrebd.com;sarah.herendeen@faegrebd.com

Jeffrey A Hokanson on behalf of Debtor hhgregg, Inc.
jeff.hokanson@icemiller.com, leslie.redman@icemiller.com

Jay Jaffe on behalf of Creditor GACP Finance Co., LLC
jay.jaffe@faegrebd.com,
sarah.herendeen@faegrebd.com;rachel.jenkins@faegrebd.com

Jay Jaffe on behalf of Creditor Wells Fargo Bank, National Association
jay.jaffe@faegrebd.com,
sarah.herendeen@faegrebd.com;rachel.jenkins@faegrebd.com

Jonathan Marshall on behalf of Creditor Wells Fargo Bank, National
Association
jmarshall@choate.com

Rachel Jaffe Mauceri on behalf of Debtor hhgregg, Inc.
rachel.mauceri@morganlewis.com

Sean Monahan on behalf of Creditor Wells Fargo Bank, National
Association
smonahan@choate.com

John Ventola on behalf of Creditor Wells Fargo Bank, National
Association
jventola@choate.com


I further certify that on March 7, 2017, a copy of the foregoing *Objection*
was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to
the following:

None


/s/ Ronald J. Moore
Ronald J. Moore
Assistant United States Trustee