UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DEBORAH J. CARUSO, the CHAPTER 7 | ) | |
| TRUSTEE for ITT EDUCATIONAL | ) | |
| SERVICES, INC., ESI SERVICE CORP. and | ) | |
| DANIEL WEBSTER COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 18-50100 |
| vs. | ) | |
| | ) | |
| KEVIN MODANY, JOHN E. DEAN, | ) | **RELIEF IS SOUGHT FROM A** |
| C. DAVID BROWN II, JOANNA T. LAU, | ) | **UNITED STATES DISTRICT JUDGE** |
| THOMAS I. MORGAN, JOHN VINCENT | ) | |
| WEBER, JOHN F. COZZI, SAMUEL L. | ) | |
| ODLE, and JERRY M. COHEN, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION BY FORMER DIRECTORS TO WITHDRAW THE REFERENCE

Come now John E. Dean, C. David Brown II, Joanna T. Lau, Thomas I. Morgan, John

Vincent Weber, John F. Cozzi, Samuel L. Odle, and Jerry M. Cohen (the "Former Directors"),

by counsel, pursuant to 28 U.S.C. §157(d), and hereby move the United States District Court for

the Southern District of Indiana (the "District Court") for an order withdrawing the reference of

this adversary proceeding from the United States Bankruptcy Court for the Southern District of

Indiana (the "Bankruptcy Court"). In support of this Motion, the Former Directors respectfully

represent that:

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are
ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

## I.  INTRODUCTION

1.      The Former Directors formerly served on the board of directors for ITT Educational Services, Inc., a Delaware corporation ("ITT").  ITT and its two affiliates filed Chapter 7 bankruptcy petitions on September 16, 2016, which bankruptcy cases are being jointly administered under Case No. 16-07207-JMC-7A.  Deborah J. Caruso is the duly appointed Chapter 7 Trustee for ITT ("Trustee" or "Plaintiff").

2.      On May 31, 2018, the Trustee filed a complaint against the Former Directors and Kevin Modany (the former CEO of ITT) initiating the above-referenced adversary proceeding (the "Complaint").  The Complaint alleges that the Former Directors breached their fiduciary duties of loyalty, care, and good faith to ITT, and seeks to recover damages of not less than $250 million.  In the Complaint, the Trustee has demanded a jury trial on her claims against the Former Directors.

3.      The Former Directors do not consent to a jury trial in the Bankruptcy Court, and concurrently with the filing of this Motion have filed their Notice of Non-Consent to Jury Trial in Bankruptcy Court.

4.      The Former Directors request that the District Court withdraw its automatic reference of this matter to the Bankruptcy Court.  The relief requested herein is authorized by 28 U.S.C. §157(d), Fed. R. Bankr. P. 5011(a) and S.D.Ind. L.R. B-5011-1.

## II.  ARGUMENT

5.      Pursuant to 28 U.S.C. §1334(a) and (b), the district courts have original jurisdiction over all bankruptcy cases under title 11, and also over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  However, pursuant to 28 U.S.C.

§157(a) and S.D.Ind. L.R. 83-8(a), all such title 11 cases and proceedings are automatically referred to the bankruptcy courts.

6.      Pursuant to 28 U.S.C. §157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

7.      In considering whether cause exists to withdraw reference of a proceeding, the district courts typically consider the following factors: (1) whether a party has demanded a jury trial; (2) whether the bankruptcy court has the authority to enter final judgment on the claims at issue; (3) considerations of judicial efficiency; (4) the avoidance of forum shopping; and (5) promoting the uniform administration of the Bankruptcy Code.[2] *See, e.g., In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993); *In re K & R Express Systems, Inc.*, 382 B.R. at 446; 1 Norton Bankr. L. & Proc. 3d §8:1 at 3.  As demonstrated below, the Trustee's demand for a jury trial on her state law breach of fiduciary duty claims – standing alone – constitutes cause for withdrawing this adversary proceeding from the Bankruptcy Court.  Additionally, the other relevant factors weigh strongly in favor of withdrawing this matter from the Bankruptcy Court.

**A.      The Trustee's demand for a jury trial is cause for withdrawing the reference.**

8.      As mentioned, the Trustee has demanded a jury trial.  However, pursuant to 28 U.S.C. §157(e), the Bankruptcy Court may not conduct a jury trial absent "the express consent of all the parties."  *See also* S.D.Ind. L.R. 39-1 ("bankruptcy judges may, with the express consent of all parties, conduct jury trials").  The Former Directors do not consent to a jury trial in the

---

[2] The statute does not define "cause," and the case law acknowledges that "[t]he court has broad discretion in determining whether to withdraw a reference based on cause." *In re K & R Express Systems, Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007).

Bankruptcy Court; therefore, the Bankruptcy Court is not authorized to conduct a jury trial on the Trustee's claims.

9.      "If one of the parties files a jury demand, and all parties do not consent to a jury trial in the bankruptcy court, cause for withdrawal is established."  Bartell, Laura B., *Motions to Withdraw the Reference*, 89 Am. Bankr. L.J. 397, 410 (2015).  Because the jury trial on the Trustee's claims must be held in the District Court, withdrawal of the reference from the Bankruptcy Court is appropriate.  *See In re Merrillville Surgery Center, LLC*, 2012 WL 3732855 *3 (N.D. Ind. 2012) ("Moreover, because the Bankruptcy Court cannot conduct this [jury] trial, cause exists to withdraw the reference of the adversary proceeding."); *Abrams v. DLA Piper (US) LLP*, 2012 WL 13042026 *1 (N.D. Ind. 2012) (withdrawing reference of trustee's breach of fiduciary duty claims where a jury trial was demanded).

10.     Indeed, the local Bankruptcy Rules contemplate that the District Court will withdraw reference of an adversary proceeding as a matter of course once it becomes clear that the action will be decided by a jury trial conducted by the District Court.  S.D.Ind. L.R. B-9015-1(c) provides that "[u]nless within thirty (30) days after the demand for jury trial is filed the other parties to the proceeding file a consent, the Bankruptcy Judge shall request that the District Court withdraw the reference of the matter."   Thus, this Motion is supplemental to the Bankruptcy Court's request that the District Court withdraw the reference of this adversary proceeding.

**B.      The Bankruptcy Court's lack of authority to enter final judgment on the Trustee's state law breach of fiduciary duty claims is also cause for withdrawing the reference.**

11.     The Trustee's jury trial demand (coupled with the Former Directors' lack of consent to such jury trial being held in the Bankruptcy Court) is by itself cause for withdrawing

the reference of this adversary proceeding from the Bankruptcy Court. However, even absent a jury trial demand, cause exists to withdraw the reference because the Bankruptcy Court lacks the authority to enter final judgment on the Trustee's breach of fiduciary duty claims.

12.    A bankruptcy court's lack of authority to enter final judgment in an action is a compelling factor establishing cause to withdraw the reference. *In re K & R Express Systems, Inc.*, 382 B.R. at 446 ("the most important factor [for establishing cause to withdraw the reference] is whether a proceeding is core or non-core"); *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997).

13.    Prior to the Supreme Court's ruling in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), an analysis of the bankruptcy court's authority to enter final judgment on a claim focused on whether the claim at issue was "core" within the meaning of 28 U.S.C. §157 (invoking a substantive right under title 11 or a claim that, by its nature, could only arise in a bankruptcy case) or "non-core" (claims only marginally related to the bankruptcy case, such as state law causes of action). Bankruptcy courts were authorized by statute to enter final judgment on core claims, but were not authorized to enter final judgment on non-core claims without the consent of all parties. 28 U.S.C. §157(c).

14.    Breach of fiduciary duty claims arising under state law have traditionally been classified as "non-core" claims. *See, e.g., Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (breach of fiduciary duty suit is not a core proceeding); *In re K & R Express Systems, Inc.*, 382 B.R. at 447 (trustee's breach of fiduciary claims were non-core claims); *Abrams v. DLA Piper (US) LLP* at *1 (agreeing that breach of fiduciary duty claims are not core claims). Thus, even without considering the impact of *Stern* on the Bankruptcy Court's authority, it is clear that state law breach of fiduciary duty claims, such as the Trustee's claims

against the Former Directors, do not qualify as "core" proceedings and that, therefore, the Bankruptcy Court lacks the authority to enter final judgment on such claims.[3]

15.      "In *Stern*, the Supreme Court announced that a bankruptcy court lacks authority under the Constitution to issue a final judgment in a lawsuit arising solely under state common law seeking to bring assets into a debtor's bankruptcy estate." *In re Emerald Casino, Inc.*, 467 B.R. 128, 131 (N.D. Ill. 2012).  And, there is no question that a trustee's claims for breach of fiduciary duty are state law claims seeking to bring assets into the bankruptcy estate. *Id.* at 133. Thus, as a matter of constitutional law, *Stern* reinforces the conclusion that the Bankruptcy Court lacks authority to enter final judgment on the Trustee's breach of fiduciary duty claims against the Former Directors.  This factor weighs heavily in favor of withdrawing the reference of this adversary proceeding from the Bankruptcy Court.

### C.      Other factors also establish cause for withdrawing the reference.

16.      The Trustee's jury trial demand, and the fact that the Bankruptcy Court may not enter final judgment on the Trustee's claims, are each sufficient cause for withdrawing the reference of this matter from the Bankruptcy Court.  However, the other relevant factors also support this conclusion.  The "judicial efficiency" factor is not well defined, but appears to be subsumed within the factor of whether the bankruptcy court may enter a final judgment.  For example, in *In re McMahon*, 222 B.R. 205, 208 (S.D.N.Y. 1998), after holding that the bankruptcy court could not enter final judgment on a breach of contract claim, the district court found that the judicial efficiency factor also favored withdrawal of the reference because "the bankruptcy court's findings would be subject to *de novo* review… which could lead to

---

[3] In ¶8 of the Complaint, the Trustee alleges that her action is a core proceeding.  This allegation is manifestly incorrect, as the Trustee's claims all arise under state law and would have been filed in state court or federal district court but for ITT's bankruptcy filing.

duplication of effort."  Judicial efficiency is promoted by having a single forum preside over the litigation from start to finish, rather than piecemealing the litigation between two different courts and delaying the District Court's involvement until later in the litigation.

17.     Moreover, the Trustee's Complaint was only recently filed, and the Bankruptcy Court has taken no action in the litigation.  Although the Bankruptcy Court has familiarity with many aspects of the ITT bankruptcy case, the Bankruptcy Court does not yet have any familiarity with the claims asserted by the Trustee or the facts and circumstances relevant to such claims. Thus, withdrawing the adversary proceeding at this stage will not waste judicial resources.[4]

18.     Like the "judicial efficiency" factor, the "avoidance of forum shopping" factor tends to be collapsed into the factor of whether the bankruptcy court may enter a final judgment on the claims at issue.  "Because the Bankruptcy Court cannot enter final judgment on the fraudulent conveyance claims, withdrawal does not promote forum shopping."  *Brown Publishing Co. v. Brown*, 2017 WL 455418 *5 (E.D.N.Y. 2017).  "Forum shopping would not be encouraged by granting the Defendant's motion as this case involves a non-core proceeding that could have and probably should have been brought in a district court originally."  *In re McMahon*, 222 B.R. at 208.

19.     The Trustee's breach of fiduciary duty claims do not require application of the Bankruptcy Code or the Bankruptcy Court's special expertise.  Thus, the factor concerned with the "uniform administration of the Bankruptcy Code" also favors withdrawal of the reference.  In *In re McMahon*, 222 B.R. at 208, a motion to withdraw the reference of a breach of contract claim was granted because, among other factors, "uniformity in the administration of bankruptcy law will not be effected as the breach of contract claim does not turn on a question of bankruptcy

---

[4] Two matters relating to the demise of ITT are already pending in District Court:  *United States Securities and Exchange Commission v. Kevin M. Modany and Daniel M. Fitzpatrick*, Case No. 1:15-cv-00758-JMS-MJD; and *Consumer Financial Protection Bureau v. ITT Educational Services, Inc.*, Case No. 1:14-cv-00292-SEB-TAB.

law." *See also K & R Express Systems, Inc.*, 382 B.R. at 448 (withdrawal will not impact the uniform bankruptcy administration where the "claims do not involve questions of or interpretations of bankruptcy law").

20.     Lastly, cause for withdrawing the reference "has been found to exist when there is a need for extensive discovery, expert testimony, a lengthy trial, or when the proceeding is exceptionally complex." 1 Norton Bankr. L. & Prac. 3D §8:1 at 2, *citing In re Leedy Mortg. Co., Inc.*, 62 B.R. 303 (E.D.Pa. 1986); *In re Enron Creditors Recovery Corp.*, 410 B.R. 374 (S.D.N.Y. 2008).

21.     The Trustee's claims are asserted against nine individuals, involve thousands if not millions of documents, and seek to recover more than $250 million.  It would be an understatement to say that this litigation will be exceptionally complex and may require extensive discovery.  The District Court has the necessary resources and is better equipped to preside over this litigation.

### III.  <u>CONCLUSION</u>

22.     For all of the above reasons, the District Court should withdraw the reference of this matter from the Bankruptcy Court.

### <u>LOCAL RULE S.D. IND. B-5011-1(d):  DESIGNATION OF RECORD</u>

In compliance with local rule the sole item of the record in this Adversary Proceeding to be designated is the Complaint.  [Doc No 1]

Respectfully submitted,


/s/  *James P. Moloy*

Gregory F. Hahn, Attorney No. 10547-49
V. Samuel Laurin, Attorney No. 11607-53
James P. Moloy, Attorney No. 10301-49
Paul D. Vink, Attorney No. 23783-32
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317)  684-5000
(317)  684-5173 (FAX)
ghahn@boselaw.com
slaurin@boselaw.com
jmoloy@boselaw.com
pvink@boselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Richard Allyn
rallyn@robinskaplan.com

Thomas Berndt
tberndt@robinskaplan.com
jgerboth@robinskaplan.com

Michael Anthony Collyard
mcollyard@robinskaplan.com
rhoule@robinskaplan.com

John C. Hoard
johnh@rubin-levin.net
jkrichbaum@rubin-levin.net
atty_jch@trustesolutions.com

Carly Kessler
ckessler@robinskaplan.com

Ronald James Schutz
rschutz@robinskaplan.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

I further certify that on the 28th day of June, 2018, a copy of the foregoing was mailed by first-class United States mail, postage prepaid, and properly addressed to the following:

Kevin Modany
13158 Sherbern Dr. W.
Carmel, IN  46032

/s/  *James P. Moloy*
James P. Moloy