# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| hhgregg, Inc., *et al.*,[1] | Case No. 17-01302-JJG-11 |
| Debtors. | (Jointly Administered) |

### APPLICATION OF CENTURYLINK COMMUNICATIONS, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)

CenturyLink Communications, LLC ("CenturyLink"), by and through its undersigned counsel, hereby files this Application (the "Application") for an order for allowance and payment of its administrative expense claim under 11 U.S.C § 503(b)(1)(A), in the amount of $413,130.15. In support of this Application, CenturyLink respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is 11 U.S.C. § 503(b)(1)(A).

### BACKGROUND

3. On March 6, 2017 (the "Petition Date"), hhgregg, Inc., and certain of its affiliates (the "Debtors") filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); and HHG Distributing LLC (5875). The location of the Debtors' corporate headquarters is 755 W. Carmel Drive, Suite 207, Carmel, IN 46032.

4. The Debtors are operating their businesses and maintaining their assets as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5. Prior to the Petition Date, the Debtors and CenturyLink were parties to several agreements for the provision of IP and data services (collectively the "Agreements").

6. During the course of the administration of the estate, CenturyLink extended credit to the Debtors by continuing to provide them with IP and data services. CenturyLink invoiced these post-petition services in the ordinary course of business between the parties (the "Invoices"). True and correct copies of the Invoices are attached hereto as **Exhibit A** and incorporated herein by reference.

7. CenturyLink is owed $413,130.15 on account of unpaid amounts due under the Invoices for the period of March 6, 2017 through February 7, 2018.

## RELIEF REQUESTED

8. By this Application, CenturyLink requests entry of an order in the form attached hereto as **Exhibit B**, pursuant to 11 U.S.C. § 503(b)(1)(A), for allowance of and payment to CenturyLink of administrative expenses in the amount of $413,130.15, representing unpaid post-petition services provided for the period of March 6, 2017 through February 7, 2018.

## BASIS FOR RELIEF REQUESTED

9. Section 503(b)(1) of the Bankruptcy Code provides in relevant part:

> (b) After notice and hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
> > (1)(A) the actual necessary costs and expenses of preserving the estate. . . .

10. "[A]n administrative claim will be allowed [under Section 503(b)(1)] when the expense (1) arises post-petition; and (2) is beneficial to the Debtor's estate." *In re Lease-A-Fleet, Inc.*, 140 B.R. 840, 845 (Bankr. E.D. Pa. 1992).

11. As to the first of these requirements, "[t]o be eligible for administrative expense priority, a post-petition transaction need not involve the exchange of money or formation of a contract. . . . Indeed, a claimant's performance of a pre-petition contract, and a debtor's acceptance of that performance, can establish a post-petition transaction." *In re Goody's Family Clothing, Inc.*, 401 B.R. 656, 671 (D. Del. 2009) *aff'd sub nom. In re Goody's Family Clothing Inc.*, 610 F.3d 812 (3d Cir. 2010).

12. Because the Debtors ultimately accepted the benefits of the pre-petition service agreement post-petition, the expenses arose post-petition.

13. Concerning the second requirement, there is no question that the services provided a benefit to the Debtors in the operation of their businesses. CenturyLink provided IP and data services to the Debtors. Given the modern workplace's dependency on connectivity, the Debtors would not have been able to continue operating without the assistance of CenturyLink.

14. Section 503(b)(1) is intended "to provide an incentive for creditors to continue doing business with a debtor and an incentive for others to engage in business transactions with the debtor." 4 *Collier on Bankruptcy*, 503.06[3][a] (16th ed. 2014). CenturyLink acted in accordance with the policies behind the statute and provided critical support to the Debtors. This support enabled the Debtors to continue their operations by utilizing CenturyLink's IP and data services. The Court should approve the allowance and immediate payment of CenturyLink's administrative claims because doing so is consistent with the policy behind Section 503(b)(1).

WHEREFORE, CenturyLink respectfully requests that the Court order the allowance and immediate payment of CenturyLink's administrative expense claim in the amount of $413,130.15, and grant such other and further relief as this Court may deem just and proper.

Dated:  April 27, 2018                    /s/Justin O. Sorrell

Justin O. Sorrell
Atty. No. 30866-49
James W. Riley, Jr.
Atty. No. 6073-49
**RILEY BENNETT EGLOFF LLP**
141 East Washington Street
Fourth Floor
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027-fax
jsorrell@rbelaw.com
jriley@rbelaw.com

Edwin H. Caldie MN #0388930
Brittany M. Michael MN #0397592
**STINSON LEONARD STREET LLP**
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota, 55402
Telephone:  612.335.1500
Facsimile:  612.335.1657

**ATTORNEYS FOR CENTURYLINK COMMUNICATIONS, LLC.**

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 27th day of April, 2018, a copy of the foregoing *Application of CenturyLink Communications, LLC for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system. Additionally, a copy of the foregoing was mailed, via First Class U.S. Mail, postage prepaid and properly addressed, to each of the following:

Bingham Greenebaum Doll LLP
3500 National City Tower
101 S. 5th St.
Louisville, KY 40202

Gloria Blevins
Connor Acciani & Levy
600 Vine Street
Suite 1600
Cincinnati, OH 45202-2429

Boulevard North Associates, L.P.
c/o Jeffrey Kurtzman, Esquire
Kurtzman Steady, LLC
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147

Kara E. Casteel
2600 Eagan Woods Drive
Suite 400
St.Paul, MN 55121

Donlin, Recano & Company, LLC
6201 15th Avenue
Brooklyn, NY 11219

Goldenberg Management, as agent for Red Rose Commo
c/o Jeffrey Kurtzman, Esquire
Kurtzman Steady, LLC
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147

Gregg Appliances, Inc.
4151 East 96th Street
Indianapolis, IN 46240

HHG Distributing LLC
4151 East 96th Street
Indianapolis, IN 46240

IBM Corporation
275 Viger East
Montreal, Quebec H2X 3R7

Kaverisoft, Inc dba DispatchTrack
467 Saratoga Ave #621
San Jose, CA 95129

Gregg S. Kleiner
Rincon Law LLP
268 Bush St., Suite 3335
San Francisco, CA 94104

Lighting PropCo, III, LLC
c/o Joseph P. Rusnak
315 Deaderick St. Ste 1700
Nashville, TN 37238

Manatee County Tax Collector
4333 US Hwy 301 N
Ellenton, FL 34222

Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

PR Wyoming Valley Limited Partnership
c/o Jeffrey Kurtzman, Esquire
Kurtzman Steady, LLC
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147

PREIT Services, LLC, as agent for PR Christiana, L
c/o Jeffrey Kurtzman, Esquire
Kurtzman Steady, LLC
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147

PREIT Services, LLC, as agent for PR Wyoming Valle
c/o Jeffrey Kurtzman, Esquire
Kurtzman Steady, LLC
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147

PRGL Paxton Limited Partnership
c/o Jeffrey Kurtzman, Esquire
Kurtzman Steady, LLC
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147

Jennifer D Raviele
Kelley Drye & Warren
101 Park Ave
New York, NY 10178-0002

Michael Ryan
48 Sweet Marsh Court
Bluffton, SC 29910

TopHAT Logistical Solutions, LLC
547 Center Street
Lake Geneva, WI 53147

Renee B. Weiss
DDR Corp.
3300 Enterprise Parkway
Beachwood, OH 44122

hhgregg, Inc.
755 W. Carmel Drive, Ste 207
Carmel, IN 46032


/s/ Justin O. Sorrell