IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>hhgregg, Inc., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 17-01302-JJG-11<br><br>(Jointly Administered) |

**JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER APPROVING STIPULATION REGARDING ZURICH AMERICAN INSURANCE COMPANY**

hhgregg, Inc. and its above-captioned affiliated debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Movants"), hereby move the Court (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule B-9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules") approving a stipulation entered into with Zurich American Insurance Company ("Zurich"). In support of this Motion, the Movants respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); and HHG Distributing LLC (5875). The location of the Debtors' corporate headquarters is 755 W. Carmel Drive, Suite 207, Carmel, IN 46032.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule B-9019-1.

## FACTUAL BACKGROUND

3. On March 6, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On March 10, 2017, the Office of the United States Trustee appointed the Committee.

5. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.

6. The Debtors have commenced an orderly liquidation of its assets, which has now been substantially consummated.

7. All of the Debtors' stores and related facilities have been closed and vacated, and significantly, all of the Debtors' workforce was terminated, by approximately May 31, 2017.

8. Prior to the store closings in May 2017, Zurich had issued to the Debtors certain workers' compensation and employment liability, business automobile liability and excess general liability policies (the "Policies") and the Debtors had provided to Zurich a letter of credit in the aggregate approximate amount of $2.46 million to secure the Debtors' obligations to Zurich under the Policies (the "Letter of Credit").

9. Following the Petition Date, Zurich drew down on the full value of the Letter of Credit (the "Letter of Credit Proceeds").

10. Based on recent projections, Zurich estimates its current liability to be $1,335,502.00 ("Initial Estimated Total Unpaid Claims Amount").

11. The Debtors, the Committee, and Zurich have agreed upon the terms of a stipulation to allow the Debtors to recover a portion of the projected excess cash collateral pursuant to the schedule outlined therein (the "Stipulation"). A copy of the Stipulation is attached hereto as **Exhibit B.**

12. With the proviso that the specific terms of the Stipulation take precedence over the following summary description, the Stipulation[2] generally provides as follows:

   a. Within ten days of the Court's order approving the stipulation becoming final, Zurich shall pay or cause to be paid to the Debtors $275,000.00, which is approximately forty percent (40%) of the difference between the Letter of Credit Proceeds and the Initial Estimated Total Unpaid Claims Amount.

   b. In the fourth quarter of 2018, Zurich or the TPA (if any) shall review and update the case reserves for all claims asserted under the Policies. As soon as is practicable, but no later than December 15, 2018, Zurich shall deliver to the Debtors and the Committee, using loss data as of October 31, 2018, the amount of any unpaid estimated ultimate incurred losses and Allocated Loss Adjustment Expenses that would be payable by the Debtors under the terms of the Policies, plus estimated unpaid fees for the TPA, if applicable, for the life of the claims allegedly insured under the Policies (collectively, the "Second Estimated Total Unpaid Claims Amount").

---

[2] Capitalized terms used in this paragraph (including sub-paragraphs thereof) shall have the respective meanings ascribed to them in the Stipulation.

c.  If the Parties agree with respect to the Second Estimated Total Unpaid Claims Amount, then, no later than December 31, 2018, Zurich shall pay to the Debtors one-half of the difference between (a) the Letter of Credit Proceeds less (i) any Permissive Uses through October 31, 2018 and (ii) the Initial Payment, and (b) the Second Estimated Total Unpaid Claims Amount.

d.  If the Parties cannot agree as to the Second Estimated Total Unpaid Claims Amount by December 31, 2018, the Parties shall then jointly agree upon and retain an Actuary (the "<u>Actuary</u>"), who shall calculate the Second Estimated Total Unpaid Claim Amount. Within 30 days after receipt of the Actuary's report calculating the Second Estimated Total Unpaid Claims Amount from the Actuary, Zurich shall pay to the Trustee one-half of the difference between (a) the Letter of Credit Proceeds less (i) any Permissive Uses through October 31, 2018 and (ii) the Initial Payment, and (b) the Second Estimated Total Unpaid Claims Amount.

e.  In the fourth quarter of 2019, Zurich or the TPA (if any) shall review and update the case reserves for all claims asserted under the Policies. As soon as is practicable, but no later than December 15, 2019, Zurich shall deliver to the Debtors and the Committee, using loss data as of October 31, 2019, the amount of any unpaid estimated ultimate incurred losses and Allocated Loss Adjustment Expenses that would be payable by the Debtors under the terms of the Policies, plus estimated unpaid fees for the TPA, if applicable, for the life of the claims allegedly insured under the Policies (collectively, the "<u>Final Estimated Total Unpaid Claims Amount</u>").

    f.  If the Parties agree with respect to the Final Estimated Total Unpaid Claims Amount, then, no later than December 31, 2019, Zurich shall pay to the Debtors the difference, if any, between (a) the Letter of Credit Proceeds less (i) any Permissive Uses through October 31, 2019 and (ii) the Initial Payment and the amount remitted by Zurich pursuant to either paragraphs 5 or 6 above and (b) the Final Estimated Total Unpaid Claims Amount.

    g.  If the Parties cannot agree as to the Final Estimated Total Unpaid Claims Amount by December 31, 2019, the Parties shall then jointly retain the Actuary, who shall calculate the Final Estimated Total Unpaid Claim Amount. Within 30 days after receipt of the Actuary's report calculating the Final Estimated Total Unpaid Claims Amount from the Actuary, Zurich shall pay to the Trustee, the difference, if any, between (a) the Letter of Credit Proceeds less (i) any Permissive Uses through October 31, 2019 and (ii) the Initial Payment and the amount remitted by Zurich pursuant to either paragraphs 5 or 6 above and (b) the Final Estimated Total Unpaid Claims Amount.

## **RELIEF REQUESTED**

13.    The Movants seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019 and Local Rule B-9019-1, (a) approving the Stipulation attached hereto as <u>Exhibit B</u>, and the terms described therein, and (b) authorizing and empowering the Movants to take all steps necessary to carry out and otherwise effectuate the terms, conditions, and provisions of the Stipulation.

## BASIS FOR RELIEF

14. The Stipulation represents the results of good faith negotiations between the Debtors, the Committee and Zurich, and the Movants believe the approval of the Stipulation is in the estates' and its creditors' best interests.

15. Bankruptcy Rule 9019(a) authorizes bankruptcy courts, after notice and hearing, to approve compromises and settlements of claims. The law favors compromise; comprises are favored in bankruptcy. 10 *Collier on Bankruptcy* ¶ 9019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The approval of a motion to compromise is within this Court's discretion. *In re Del Grosso*, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989) (citations omitted). In exercising this discretion, a bankruptcy court should consider the probability of success, any anticipated collection difficulties, the complexity, expense, inconvenience, and delay. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Generally, a settlement will be approved if it is in the best interest of the estate. *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987).

16. The analysis under Bankruptcy Rule 9019 is ultimately whether the Stipulation falls below the low end of the range of possible litigation outcomes. *See, e.g.*, *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801-02 (7th Cir. 2012) (holding that where one possible outcome was that the estate would receive nothing, a settlement giving it 50 percent of the value of the asset in question was reasonable); *Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d at 426.

17. While the Court must "determine whether the proposed settlement is fair and equitable and in the best interest of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586-87 (7th Cir. 1994) (stating "It is clear that Rule 9019(a) itself does not expressly obligate the court to hold an evidentiary hearing prior to approving a compromise

under Rule 9019(a)."). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts, and it may give weight to the trustee's informed judgment and consider the competency and experience of counsel supporting the compromise. *Id.*; *Matter of Rimsat, Ltd.*, 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997) (citations omitted). The Seventh Circuit has directed that whether or not a settlement is reasonably equivalent to the value of what is given up depends upon whether the settlement falls within the range of possible litigation outcomes. *Doctors Hosp. of Hyde Park*, 474 F.3d at 426.

18.  The Stipulation is reasonable because Zurich currently holds cash collateral significantly in excess of its estimated financial obligations and the Debtors require said cash collateral to close the administration of the bankruptcy estates. The staggered nature of the payments enables the Debtors to bring needed cash into the estates, while ensuring that Zurich will maintain adequate resources to fund as-yet unresolved claims. The dispute resolution mechanism provided for in the Stipulation further protects the interests of the respective parties.

## **NOTICE**

19.  Notice of this Motion will be separately provided to: (i) the U.S. Trustee; (ii) counsel for the Official Committee of Unsecured Creditors, c/o Cathy Hershcopf, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 and Thomas C. Scherer, Bingham Greenebaum Doll LLP, 10 West Market Street, #2700, Indianapolis, IN 46204; (iii) counsel to the Agent for the Debtors' prepetition secured lenders and the lenders providing debtor in possession financing, c/o Sean M. Monahan, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 and Jay Jaffe, Faegre Baker Daniels, LLP, 600 E. 96th Street, Suite 600, Indianapolis, IN 46240; (iv) the Debtors' thirty (30) largest unsecured creditors; and (v) all

parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Movants respectfully request that the Court enter the Proposed Order, substantially in the form attached as <u>Exhibit A</u>, granting the relief requested herein and granting all other just and proper relief.

Respectfully submitted,

Dated: August 16, 2018

| /s/ Jeffrey A. Hokanson<br>**ICE MILLER LLP**<br>Jeffrey A. Hokanson (No. 14579-49)<br>One American Square<br>Suite 2900<br>Indianapolis, Indiana  46282-0200<br>Telephone: (317) 236-2100 | **BINGHAM GREENEBAUM DOLL LLP**<br>Thomas Scherer (No. 24-49)<br>Whitney Mosby (No. 23691-49)<br>2700 Market Tower<br>10 West Market Street<br>Indianapolis, Indiana 46204<br>Telephone: (317) 635-8900<br>Facsimile: (317) 236-9907 |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP**<br>Neil E. Herman (admitted *pro hac vice*)<br>Rachel Jaffe Mauceri (admitted *pro hac vice*)<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 309-6000<br>  neil.herman@morganlewis.com<br>  rachel.mauceri@morganlewis.com<br><br>*Counsel to the Debtors and Debtors in Possession* | **COOLEY LLP**<br>Cathy Hershcopf (admitted *pro hac vice*)<br>Summer M. McKee (admitted *pro hac vice*)<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 479-6000<br>Facsimile: (212) 479-6275<br><br>*Counsel to the Official Committee of Unsecured Creditors* |