## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter: 11 |
| | ) | |
| hhgregg, Inc., *et al.*, | ) | Case No. 17-01302-11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | (WITH 30-DAY WAIVER) |
| | ) | |

### MOTION OF SECURED CREDITOR, LAKEWOOD CARPENTRY SERVICES, INC. FOR RELIEF FROM AUTOMATIC STAY

NOW COMES a Creditor in this cause, LAKEWOOD CARPENTRY SERVICES, INC., a mechanics lien claimant and party in interest, pursuant to §362(d) and § 554 of Chapter 11 of the United States Bankruptcy Code ("Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("Rules"), requests this Honorable Court enter an order granting relief from automatic stay provided by §362 of the Code.  In support of its Motion, LAKEWOOD states the following:

### PARTIES

1.      hhgregg, Inc. ("Debtor") filed its Petition for Relief under Chapter 11 of the Code, on information and belief, on or about March 6, 2017 (the "Petition Date").

2.      LAKEWOOD CARPENTRY SERVICES, INC. ("LAKEWOOD") is an Illinois corporation engaged in the construction industry with its principal place of business located at 1540 Hannah Ave, Forest Park, Illinois 60130.

### JURISDICTION

3.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## STATEMENT OF FACTS

**A.      The Project**

4.      FEDERAL REALTY INVESTMENT TRUST ("FEDERAL REALTY"), is a Maryland corporation with its principal place of business located at 1626 E Jefferson Street, Rockville, MD 20852 that possesses an ownership interest in the real property commonly known as "Finley Square – hhgregg, 1508 Butterfield Rd, Downers Grove, IL 60515, having P.I.N.s 06-30-403-023, 06-30-403-024, 06-30-403-025, 06-30-403-026, 06-30-403-027 and legally described as set forth in the attached Exhibit A (hereinafter the "Property"). *See* Mechanic Lien Claim, marked as Exhibit A, attached hereto and made a part hereof.

5.      On information and belief, on or before December 28, 2016, FEDERAL REALTY and/or Debtor entered into a contract with RIEDY CONSTRUCTION, INC. ("RIEDY"), whereby RIEDY agreed to serve as the general contractor for the construction and improvements being performed on the Property.

6.      On or about January 23, 2017, RIEDY entered into an agreement with LAKEWOOD, whereby LAKEWOOD agreed to provide labor and material for the installation of metal stud, drywall, taping, acoustical ceilings, and related work at the Property (hereinafter "Subcontract"). *See* Subcontract, marked as Exhibit B, attached hereto and made a part hereof.

7.      In consideration of LAKEWOOD'S performance, FEDERAL REALTY and RIEDY agreed to and were obligated to compensate LAKEWOOD the total contract price of Forty-Four Thousand and 00/100 Dollars ($44,000.00). *See* Exhibit B.

8.      At the special instance and request of RIEDY, and with knowledge and consent of FEDERAL REALTY and/or Debtor, LAKEWOOD furnished extra work and additional labor and materials pursuant to the Subcontract for the Project ("Change Orders") at a cost and value of

Fifteen Thousand Eight Hundred Eighty-Five and 00/100 Dollars ($15,885.00). *See* Change Orders, marked as Exhibit C, attached hereto and made a part hereof.

9.    On or about February 14, 2017, LAKEWOOD fully and satisfactorily completed all labor and material for work pursuant to the Subcontract and Change Orders.

10.    As of this date, after crediting RIEDY for payments made and allowances given, the total sum of Fifty-Three Thousand Nine Hundred Forty-Five and 00/100 Dollars ($53,945.00) became due and owing to LAKEWOOD under the terms of the Subcontract and Change Orders.

11.    LAKEWOOD duly complied with Section 60/24 of the Illinois Mechanics Lien Act by serving the then owners of record for the Property and all other interested parties with its Mechanics Lien Notice via certified mail return receipt requested on April 19, 2017; within ninety (90) days of LAKEWOOD'S last day of work on the Property. *See* Mechanics Lien Notice, marked as Group Exhibit D, attached hereto and made a part hereof.

12.    LAKEWOOD duly complied with Section 60/7 of the Illinois Mechanics Lien Act by recording its Mechanics Claim in the Office of the Recorder of Deeds of DuPage County, Illinois for Lien as document number R2017-045771 on May 11, 2017, within four months of its last day of work. *See* Exhibit A.

13.    LAKEWOOD is entitled to and does claim a Mechanic's Lien upon the Property for Fifty-Three Thousand Nine Hundred Forty Five and 00/100 Dollars ($53,945.00) pursuant to statute by reason of the failure of said sum to be satisfied to date.

**B.    The State Court Litigation**

14.    After the Petition Date, LAKEWOOD filed its Complaint to Foreclose on Mechanics Lien and for Other Relief in the lawsuit captioned *Lakewood Carpentry Services, Inc. v. Riedy Construction, Inc., et al.,* Case No.: 18 CH 1388 (DuPage County, Illinois) naming Debtor as a defendant (the "State Court Litigation"). Count I of LAKEWOOD'S Complaint is for

3

Foreclosure of Mechanics Lien against Owner, Debtor, and other interested parties. (Paragraph 4 alleges foreclosure of Debtor's interest). *See* Complaint (without exhibits), marked as Exhibit E, attached hereto and made a part hereof.

15.     Upon Debtor's filing its Petition, the automatic stay imposed by Section 362 of the Code precluded LAKEWOOD from proceeding with the State Court Litigation against Debtor and Debtor's interest in the Property, if any.

## ARGUMENT

**A.     Requested Relief from the Automatic Stay**

16.     LAKEWOOD requests that this Honorable Court lift the automatic stay pursuant to §362(d)(1) and under (d)(2) of the Code to allow LAKEWOOD to proceed solely on LAKEWOOD'S Count I for Foreclosure of Mechanics Lien against Owner's, Debtor's, and others' interest in the Property.

17.     The continued impediments posed by the automatic stay impose a hardship on LAKEWOOD because LAKEWOOD cannot fully resolve LAKEWOOD's Count I for Foreclosure of Mechanics Lien against Owner and other parties independent of any leasehold interest Debtor might have.

18.     Under 11 U.S.C. §362(d)(2) relief from the stay must be granted if (A) the debtor has no equity in the property, and (B) the property is not necessary for an effective reorganization. *In re Highland Park Assoc. Limited Partnership*, 130 B.R. 55, 57 (Bankr. N.D. Ill. 1991).

19.     LAKEWOOD lacks knowledge whether the Lease was terminated prior to Debtor's petition. If the Lease was not terminated pre-petition, Debtor has no equity in the Lease in the Property. Debtor has not sought to assume the Lease and Debtor cannot satisfy the requirements of 11 U.S.C. §365(b) to assume the lease now.

20. In any event, Debtor's interest in the Lease is not necessary for an effective reorganization. Debtor bears the burden of proving the Leasehold is "essential for an effective reorganization that is in prospect." 11 U.S.C. §362(g)(2); *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 632-33 (1988); *MAJ Investors I, LLC v. Teron Trace, LLC* (*In re Teron Trace, LLC*), 2010 Bankr. LEXIS 1152 (Bankr. N.D. Ga., Jan. 28, 2010).

21. Further, cause exists to lift the automatic stay since the interest of LAKEWOOD is not being adequately protected.

22. Regardless, LAKEWOOD intends to proceed against **Owner's interest** and others' interests, ***not* any leasehold interest Debtor might still have**. In the event the Court does not lift the stay because of any interest in the Lease, this Honorable Court should lift the stay contingent on LAKEWOOD, amending its Complaint in the State Court Litigation to sue Debtor only as a nominal party as permitted by Illinois Mechanics Lien Act procedure. *Pittman v. Manion*, 212 Ill. App.3d 342, 570 N.E.2d 1169, 1175, *app. denied*, 141 Ill.2d 558 (1991) (mechanics lien case could proceed despite debtor general contractor's 11 U.S.C. §524 discharge because claimant was seeking to foreclose against property owner's real estate not a personal liability judgment on debtor-contractor's debt to claimant).

23. The Chancery Section of the Circuit Court of DuPage County, Illinois has substantial expertise in adjudicating mechanics lien claims and will be able to resolve the State Court Litigation efficiently.

24. This Honorable Court should modify the automatic stay.

25. LAKEWOOD hereby waives the right under 11 U.S.C. §362(e) to a hearing on this motion within thirty (30) days of the date it is filed.

WHEREFORE, LAKEWOOD CARPENTRY SERVICES, INC., requests that this

Honorable Court enter an Order:

    a.    modifying the automatic stay to allow LAKEWOOD to proceed against others on all Counts and against Debtor in the State Court Litigation solely on LAKEWOOD's Count I for Foreclosure of Mechanics Lien so that the interests of Debtor, LAKEWOOD, Owner, and others in the Property can be determined;

    b.    alternatively, modifying the automatic stay to allow LAKEWOOD to prosecute the State Court Litigation to completion conditioned on LAKEWOOD not foreclosing any Debtor's leasehold in the Property;

    c.    waiving the fourteen-day stay of enforcement of the Order Modifying the Stay imposed by Bankruptcy Rule 4001(a)(3); and

    d.    providing such further relief as this Court deems appropriate.

Respectfully submitted,
LAKEWOOD CARPENTRY SERVICES, INC.

By: _____

One of its Attorneys

Matthew R. Custardo (ARDC #: 06329579)
CHITKOWSKI LAW OFFICES
901 Warrenville Rd., Suite 103
Lisle, Illinois 60532
Tel: 630/824-4808 | Fax: 630/824-4809
mrc@chitkowskilaw.com

## **CERTIFICATE OF SERVICE**

I certify that on January 28, 2019 a copy of the foregoing Motion for Relief from automatic Stay was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following or via CM/ECF:

To all registered counsel by CM/ECF
To PHV applicant(s) via U.S. Mail

_____
Matthew R. Custardo

Matthew R. Custardo (ARDC #: 06329579)
CHITKOWSKI LAW OFFICES
901 Warrenville Rd., Suite 103
Lisle, Illinois 60532
Tel: 630/824-4808 | Fax: 630/824-4809
mrc@chitkowskilaw.com

# EXHIBIT

# A

MECHANIC'S LIEN:
**CLAIM**

STATE OF ILLINOIS          }
                           }
COUNTY OF **DuPage**        }

LAKEWOOD CARPENTRY SERVICES, INC.

    **CLAIMANT**

    -VS-

Federal Realty Investment Trust
Gregg Appliances, Inc. d/b/a hhgregg
FRLP, Inc.
RIEDY CONSTRUCTION, INC.

    **DEFENDANT(S)**

**OTHER**
**R2017-045771**

**FRED BUCHOLZ**
**COUNTY RECORDER**
**DUPAGE COUNTY, IL**
**RECORDED ON**
**05/11/2017 08:49 AM**
**06-30-403-023**
**PAGES: 2**
**RHSP**
**40.00**

The claimant, **LAKEWOOD CARPENTRY SERVICES, INC.** of Forest Park, IL, 60130 County of **Cook**, hereby files a claim for lien against **RIEDY CONSTRUCTION, INC.**, contractor of 12360 S. Industrial Drive, East, Plainfield, IL and **Federal Realty Investment Trust** Bethesda, MD 20814 **Gregg Appliances, Inc. d/b/a hhgregg (Sub-Lessee)** Indianapolis, IN 46240 **FRLP, Inc. (Ground Lessee)** Rockville, MD 20852 **{hereinafter collectively referred to as "owner(s)"}** and any persons claiming an interest in the premises herein and states:

That on **1/23/2017**, the owner(s) owned the following described land in the County of **DuPage**, State of Illinois to wit:

Street Address:    **Finley Square - hhgregg 1508 Butterfield Road Downers Grove, IL   60515**

A/K/A:    **Lot 1 in Finley Square Mall Resubdivision, being a subdivision of part of the East 1/2 of Section 30, Township 39 North, Range 11 East of the Third Principal Meridian in the County of Dupage in the State of Illinois**

A/K/A:    **Tax# 06-30-403-023**

and **RIEDY CONSTRUCTION, INC.** was the owner's contractor, or in the alternative Sub-lessee's contractor for the improvement thereof. In the alternative, contractor contracted to improve the owner's property with the owner's authority or knowing permission. That on or about **1/23/2017**, said contractor made a subcontract with the claimant to provide **labor and material for metal studs, drywall, taping and carpentry work** for and in said improvement, and that on or about **2/14/2017** the claimant completed thereunder all that was required to be done by said subcontract.

170438612   mlngc

**EXHIBIT**

**A**

FRED BUCHOLZ      R2017-045771      DUPAGE COUNTY RECORDER
Document received on 11/9/18 5:04 PM  Document accepted on 11/13/2018 07:04:21 # 4403109/170431103930

The following amounts are due on said subcontract:

| | |
|---|---|
| Original Contract Amount | $44,000.00 |
| Change Orders/Extras | $15,885.00 |
| Credits | $ .00 |
| Work Not Performed | $ .00 |
| Payments | $5,940.00 |
| Total Balance Due | $53,945.00 |

**leaving due, unpaid and owing** to the Claimant after allowing all credits, the sum of **Fifty Three Thousand Nine Hundred Forty Five Dollars and 00/100 ($53,945.00) Dollars**, for which, with interest, the Claimant claims a lien on said land, beneficial interests, if any, recorded or unrecorded leasehold interest, if any, and improvements, and on the moneys or other considerations due or to become due from said contractor and/or owner(s) under said subcontract.

To the extent permitted by law, all waivers of lien heretofore given by Claimant, if any, in order to induce payment not received are hereby revoked. Acceptance of payment by Claimant of part, but not all, of the amount claimed due hereunder shall not operate to invalidate this notice.

IN WITNESS WHEREOF, the undersigned has signed this instrument on April 19, 2017.

LAKEWOOD CARPENTRY SERVICES, INC.

Patrick Cimaglia    President

Prepared By:
**LAKEWOOD CARPENTRY SERVICES, INC**
**1540 Hannah Avenue,**
**Forest Park, IL 60130**

**VERIFICATION**

State of IL
County of Cook

The affiant, Patrick Cimaglia, being first duly sworn, on oath deposes and says that the affiant is President of the Claimant; that the affiant has read the foregoing claim for lien and knows the contents thereof; and that all the statements therein contained are true.

Patrick Cimaglia    President

Subscribed and sworn before me this April 19, 2017.

Notary Public's Signature

REBECCA SCHAPS
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires.
June 11, 2018

170438612  mlngc

# EXHIBIT

# B



Job No.: *16-3124*

This Agreement is made this **12/28/2016**

By and between
*CONTRACTOR:*          **RIEDY CONSTRUCTION, INC.**
                       12360 S. Industrial Dr. East
                       Plainfield, IL  60585          (630) 961-3876
And the
*SUBCONTRACTOR:*       **Lakewood Carpentry Services**
                       1540 Hannah Ave
                       Forest Park, IL 60130

For *PROJECT:*         **HH Gregg Downers Grove**
                       1508 Butterfield Road
                       Downers Grove, IL 60515

Riedy Construction, Inc. is entering into a contract with **Lakewood Carpentry Services** to perform **Drywall** on the above referenced project.  The work is to be completed as defined in the attached **Exhibit A** and as specified in the construction documents by **Herschman Architects Inc.** attached hereto as **Exhibit B**.

> **EXHIBIT A:  *Scope of Work***
> **EXHIBIT B:  *List of Drawings***

**1    SCOPE OF WORK**

The Subcontractor shall furnish all of the material and perform all of the Work on the Project as shown on the Drawings and as described in the specifications.  All Work of the Subcontractor shall be performed in a good and workmanlike manner and must comply with all Federal and State laws, codes and regulations and all county and/or municipal ordinances and regulations effective where the Work is to be performed under this contract.

**2    INDEPENDENT CONTRACTOR**

Subcontractor is being hired solely as an Independent Contractor.  Neither the Subcontractor, nor its employees shall be deemed to be employees of the Contractor or General Contractor.



RCI Initials _____  Sub Contractor Initials _____
12360 S. Industrial Dr. East | Plainfield, IL 60585 | Phone: (630) 961-3876 | www.riedyconstruction.com
Page 1 of 7

**EXHIBIT**

**B**
tabbies

*HH Gregg Downers Grove Contract*                                    *12/28/2016*

**3   SCHEDULE**

This contract serves as notice to proceed immediately with all permits, shop drawings, material orders and mobilization as it applies to your Work.  The Subcontractor agrees to complete the Work in a professional and workmanlike manner within a reasonable period of time once Work is commenced and in any event by the deadlines established by the General Contractor in writing. Additionally, Subcontractor shall cooperate with all other trades who are also on the jobsite so that each may reasonably complete their respective Work within the required time frames.  At all times, Subcontractor shall provide competent supervision, a sufficient number of skilled workers and adequate and proper materials to meet the required deadlines set forth herein.  Subcontractor warrants that he has all proper and necessary licenses and permits to perform its Work. If General Contractor or Contractor determine that Subcontractor's Work does not conform to the provisions of the Drawings and Specifications, or that the Work is not f appropriate quality, Contractor shall have the right to correct the defects and to charge back the Subcontractor the cost of such corrections.

**The estimated framing schedule is to start January 4, 2017.  The project will be a 4 week schedule.**

**4   HOLD HARMLESS**

   a.   Sub-Contractor hereby agrees to use only its own equipment, and shall not use the equipment of others. However, if Contractor does use the equipment of others, he agrees to indemnify and hold the Contractor harmless from any liability arising from such equipment and/or its use.

   b.   Sub-Contractor shall and does hereby indemnify and save and hold harmless the Contractor, its trustees, directors, officers, agents and employees, to the fullest extent permitted by law, from and against any and all loss, liability, damages, costs, expenses, penalties, judgments, the payment of all sums of money,  and orders entered by any agency or founded under any governmental authority, and statute, ordinance, rule, regulation, or order, under any common law or equitable laws, attorney's fees, and other expenses incidental thereto, of any kind and nature whatsoever, on account of any claims for death or injury to persons employed by the General Contractor, and its contractors and sub-contractors, if any, its agents or employees, or any of them, or for claim or claims for injuries or death caused by either of them; or for loss or damage to or destruction of property, including real or personal, but not limited to loss of use thereof, excepting only such losses, liabilities, damages, costs, expenses and judgments based solely on the negligence of  Contractor.

   c.   The insurance coverages and limits as specified herein shall not limit the extent or amount of the Contractor's responsibilities and liabilities assumed and specified within this agreement, or the Contract Documents.

**5   TERMS OF PAYMENT**

   a.   The Contract amount shall be **$44,000.00.**

   b.   The Subcontractor shall, on its time and expense, submit to the Contractor a release of all mechanics and material liens and manufacturer warranty and materials information for all materials installed prior to final payment of the consideration set forth hereafter.



RCI Initials _____   Sub Contractor Initials _____
12360 S. Industrial Dr. East | Plainfield, IL 60585 | Phone: (630) 961-3876 | www.riedyconstruction.com
Page 2 of 7

*HH Gregg Downers Grove Contract*                                     *12/28/2016*

c.  Payment shall be made by the Contractor to the Subcontractor in accordance with the provisions of this paragraph. As the work progresses monthly an amount equal to ninety percent (90%) of the value of the work completed during the preceding calendar month shall be paid by the Contractor to the Subcontractor after such or equivalent payment has been received by the Contractor from the owner, meaning that no payment (including final payment) shall be due to the Subcontractor from the Contractor until & unless the Contractor has been paid by the owner for the labor & material furnished by the Subcontractor, & provided that the unpaid balance of the amount due under this Agreement shall at all times be sufficient in the judgment of the Contractor to complete the Work & to pay any unpaid liens or claims for which the Subcontractor is responsible here under. The Subcontractor, whenever requested to do so, shall submit to the Contractor satisfactory evidence of the payment of all indebtedness incurred for material & labor under this Agreement. Final Payment to the Subcontractor shall be made thirty (30) days after the completion for the project. If at any time there shall be evidence of any claim or lien for which, if established, the Contractor or the owner might become liable & which is chargeable to the Subcontractor, the Contractor shall have the right to retain out of any payment due or to become due an amount sufficient to indemnify the Contractor & the owner against such claim or lien developed after all payments are made, the Subcontractor shall refund to the Contractor all moneys that the latter may be compelled to pay in discharging such claim or lien.

d.  No progress payment made under this Agreement shall be conclusive evidence of the performance of this Agreement either in whole or in part & under no circumstances shall payment be construed to be an acceptance of defective work or improper materials. The payment application shall include an original of each of the following by the 20th of each month:

    (1)  Invoice describing the Work that was performed (progress billing).
    (2)  The payment amount requested and an estimate of percentage of the Work completed **MUST** be submitted in AIA form (G702/G703).
    (3)  A partial release of any mechanic's or material man's lien for all Work completed and materials used.

e.  If Contractor or General Contractor reasonably believe that Subcontractor will or has caused a claim to be made or a lien to be filed against the Property, Project or Project funds, Contractor may retain any and all monies due Subcontractor and make such payments to Subcontractor and claimant jointly.

## 6   OVERTIME

Subcontractor shall be responsible for all of its labor costs, including any overtime, , required to meet the completion schedule set forth in this Agreement and any subsequent schedules prepared by the General Contractor.

## 7   EXTRAS

No deviations from the Work specified in the contract will be permitted or paid for unless a written extra Work or change order is first agreed upon and signed as required.



RCI Initials _____    Sub Contractor Initials _____

Document received on 11/9/18 5:04 PM  Document accepted on 11/13/2018 07:04:21 # 4403109/170431103930

*HH Gregg Downers Grove Contract*                                                          *12/28/2016*

**8    INSURANCE**

Subcontractors shall provide Contractor and General Contractor at the time of the signing of this agreement with a Certificate of Insurance, showing the following insurance during the period of the contract and to provide evidence of such insurance when requested.

*Commercial General Liability* coverage with an insurance carrier with limits equal to or exceeding:

| | |
|---|---|
| $   500,000 | Combined Single Limit each occurrence |
| $1,000,000 | General Aggregate |
| $1,000,000 | Products/Completed Operations Aggregate |
| | General Contractor is to be named as Additional Insured on Subcontractor's policy |

- **General Contractor is to be named as Certificate Holder & Additional Insured on Subcontractor's policy**

*Workers Compensation Insurance* covering all persons performing Work at the General Contractor's job sites including, but not limited to any principles or officers of the Subcontractor, employees of the Subcontractors and subcontractors of the Subcontractor. Further, Subcontractor, including but not limited to a sole proprietor who has one or more employees shall also provide, at his own expense a current Certificate of Worker's Compensation Insurance.

*Automobile Liability Insurance* for any and all vehicles used at any jobsites or to transport individuals or materials to or from jobsites for a minimum coverage amount of $500,000 each accident.

Architects, Engineers and other Professional Vendors shall provide a minimum coverage of $500,000 each claim.

Subcontractor agrees to inform Contractor and General Contractor immediately in the event of any changes in coverage, including, without limitation, cancellation, non-renewal or limitations on coverage.

**9    SAFETY**

Subcontractors shall be responsible for the safety of persons or property by taking reasonable steps to protect its employees and other persons at the Worksite; materials and equipment stored at on-site or off-site locations for use in the Work; and property located at the site and adjacent to Work areas, whether or not the property is part of the Work.

**10   HAZARDOUS MATERIALS**

A Hazardous Material is any substance or material identified now or in the future as hazardous under any federal, state or local law or regulation, or any other substance or material which may be considered hazardous or otherwise subject to statutory or regulatory requirement governing handling, disposal and/or clean-up. The Subcontractor shall not be obligated to commence or continue work until any Hazardous Material discovered at the Worksite has been removed, or rendered or determined to be harmless by the Owner as certified by an independent testing laboratory and approved by the appropriate government agency.

RCI Initials _MV_    Sub Contractor Initials _____

12360 S. Industrial Dr. East | Plainfield, IL 60585 | Phone: (630) 961-3876 | www.riedyconstruction.com
Page 4 of 7

*HH Gregg Downers Grove Contract*                                        *12/28/2016*

**11  MATERIALS BROUGHT TO THE WORKSITE**

The Subcontractor shall be responsible for the proper delivery, handling, application, storage, removal
and disposal of all materials and substances brought to the Worksite by the Subcontractor in accordance
with the Contract Documents and used or consumed in the performance of the Work.

**12  CLEANING UP**

The Subcontractor shall regularly remove debris and waste materials on the Project resulting from or
caused by the Work.  Prior to discontinuing Work in an area, the Subcontractor shall clean the area and
remove all rubbish and its construction equipment, tools, machinery, waste and surplus materials.  The
Subcontractor shall minimize and confine dust and debris resulting from its Work.  At the completion of
the Work, the Subcontractor shall remove from the Project all construction equipment, tools, surplus
materials, waste materials and debris.

**13  WARRANTY**

Subcontractor shall warrant against any defects in workmanship, materials and/or parts and labor which
was supplied by Subcontractor for a period of (1) one year from the date the Project is first occupied by
the owner. The Subcontractor's warranty shall be of the same standards and duration as the General
Contractor's warranty provided to the Owner. A copy of such warranty is available on request.

*Lakewood Carpentry Services*

By _____

Title   Vice-President

Date   01/23/17

*Riedy Construction Inc.*

By _____
      **Mark Riedy**

Title   Project Manager

Date   1-23-17



RCI Initials _____   Sub Contractor Initials _____
12360 S. Industrial Dr. East | Plainfield, IL 60585 | Phone: (630) 961-3876 | www.riedyconstruction.com
Page 5 of 7

*HH Gregg Downers Grove Contract*                                    *12/28/2016*

## Exhibit A:
## Scope of Work

Job No.: *16-3124*

This Agreement is made this **12/28/2016**

By and between
**CONTRACTOR:**                    **RIEDY CONSTRUCTION, INC.**
                                   12360 S. Industrial Dr. East
                                   Plainfield, IL 60585          (630) 961-3876

And the
**SUBCONTRACTOR:**                 **Lakewood Carpentry Services**
                                   1540 Hannah Ave
                                   Forest Park, IL 60130

For **PROJECT**:                   **HH Gregg Downers Grove**
                                   1508 Butterfield Road
                                   Downers Grove, IL 60515

**Lakewood Carpentry Services** hereby agrees to furnish all the necessary materials, equipment and labor necessary to complete the work per plans and specifications and to all applicable codes. Work to include but not limited to completion of the following:

   Drywall:
- Furnish and install metal stud framing, drywall and taping per plans and specifications
- Provide insulation as shown
- Furnish and install access panel at new vestibule ceiling
- Provide drywall patch and taping at existing walls as required
- Furnish and install in wall, fire treated wood blocking for closet shelving, new fineline wall, and vestibule ceiling as per 7 on sheet A1.2
- Install HM frame and double door with specified hardware as shown. Door, frame and hardware to be furnished by GC
- Furnish and install (3) rows of wood blocking for cabinets in new walls as shown
- Drywall is to be sanded ready for paint
- Provide lifts as required for your work
- Provide clean up daily for your work. Debris to be thrown in to dump box supplied by GC
- Provide warranty letter and closeout documents as required



RCI Initials ____    Sub Contractor Initials ____
12360 S. Industrial Dr. East | Plainfield, IL 60585 | Phone: (630) 961-3876 | www.riedyconstruction.com
Page 6 of 7

*HH Gregg Downers Grove Contract*                                    *12/28/2016*

## Exhibit B:
## List of Drawings

Work shall be completed in strict accordance with Contract Documents, including, without limitation, the plans prepared and approved by:

<u>Herschman Architects Inc.</u>        <u>Dated 12/16/16</u>

# DRAWING INDEX

|  |  | REVISIONS |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  | 12-16-16 |  |  |  |  |
| AA | COVER SHEET | ⚠ |  |  |  |  |
| AB | DOOR & FRAME, ROOM FINISH AND MATERIAL SCHEDULES | ⚠ |  |  |  |  |
| LS1.0 | FIRST FLOOR LIFE SAFETY PLAN | ⚠ |  |  |  |  |

**ARCHITECTURAL**

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| D1 | DEMOLITION FLOOR/CEILING PLAN |  |  |  |  |  |
| A1 | FLOOR PLAN |  |  |  |  |  |
| A1.1 | ENLARGED PARTIAL PLAN & INT. ELEVATIONS |  |  |  |  |  |
| A1.2 | INTERIOR ELEVATIONS |  |  |  |  |  |
| A1.3 | INTERIOR ELEVATIONS |  |  |  |  |  |
| A2 | REFLECTED CEILING PLAN | ⚠ |  |  |  |  |
| A4 | EXTERIOR PROPOSED AND DEMOLITION ELEVATIONS | ⚠ |  |  |  |  |
| A5 | DEMOLITION INTERIOR ELEVATIONS |  |  |  |  |  |
| A5.1 | INTERIOR ELEVATIONS |  |  |  |  |  |
| A5.2 | INTERIOR ELEVATIONS AND SECTION DETAILS |  |  |  |  |  |
| A7 | FLOOR FINISH PLAN | ⚠ |  |  |  |  |
| A8 | FIXTURE PLAN | ⚠ |  |  |  |  |
| A9 | WALL SECTION AND DETAIL |  |  |  |  |  |

⚠ (mark next to A5.2 row)

**STRUCTURAL**

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| S1 | STRUCTURAL PLAN AND NOTES |  |  |  |  |  |
| S2 | STRUCTURAL DETAILS |  |  |  |  |  |
| S8 | STRUCTURAL DETAILS |  |  |  |  |  |

**ELECTRICAL**

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| ED1 | ELECTRICAL DEMOLITION PLAN |  |  |  |  |  |
| ED2 | LOW VOLTAGE DEMOLITION PLAN |  |  |  |  |  |
| E1 | ONE LINE DIAGRAMS AND DETAILS | ⚠ |  |  |  |  |
| E2 | LIGHTING PLAN |  |  |  |  |  |
| E3 | POWER PLAN |  |  |  |  |  |
| E3.1 | DATA ROUGH-IN PLAN |  |  |  |  |  |
| E3.2 | FINELINES ENLARGED POWER PLAN |  |  |  |  |  |
| E4 | PANEL SCHEDULES |  |  |  |  |  |
| E4.1 | PANEL SCHEDULES |  |  |  |  |  |
| E5 | LOW VOLTAGE PLAN |  |  |  |  |  |
| E6 | LOW VOLTAGE SCHEDULES/NOTES AND SPECS |  |  |  |  |  |



RCI Initials _MR_    Sub Contractor Initials _[signature]_

12360 S. Industrial Dr. East | Plainfield, IL 60585 | Phone: (630) 961-3876 | www.riedyconstruction.com
Page 7 of 7

# EXHIBIT

# C



12360 S. Industrial Dr. East
Plainfield, IL 60585
Phone: (630) 961-3876
Fax:    (630) 961-3877

## SUB CONTRACTOR CHANGE ORDER

### No. 1

**TITLE:** Drywall

**DATE:**  1/20/2017

**PROJECT:** HH Gregg Downers Grove

**JOB #:**  16-3124

**TO:** Lakewood Carpentry Services

**CONTRACT NO.:**   3124-002

1540 Hannah Ave
Forest Park, IL 60130

**ATTN:** Lakewood Carpentry

### DESCRIPTION OF CHANGE

| Description | | Amount |
|---|---|---|
| Construct 22 lf of full height wall at North side of stairwell. Wall to have two (2) layers of 5/8" gyp. bd. on 1-side to deck. | | |
| Extend 20 lf of partial hgt. 'A.2' wall to deck above at South end of stairwell. Wall to have one (1) layer of 5/8" gyp. on 1-side. | | |
| Add 4 lf of partition 'A.2' at Kitchen 9 area. | | |
| | | |
| | Material | 954.90 |
| | Tax | 95.49 |
| | Labor | 3,234.00 |
| | Truck Trips | 145.00 |
| | 10% Profit & Overhead | 119.54 |

| | TOTAL $ | $4,549.00 |
|---|---|---|

| | |
|---|---|
| The Original Contract Sum was | **$44,000.00** |
| Net Change by Previously Authorized Requests and Changes | **$0.00** |
| The Contract Sum Prior to This Change Order Was | **$44,000.00** |
| The Contract Sum will be Increased / Decreased by | **$4,549.00** |
| The New Contract Sum Including This Change Order | **$48,549.00** |
| The Contract Time Will be Changed | **0** |

ACCEPTED:

Company Name  LAKEWOOD CARPENTRY SERVICES, INC.

By: _Kathy Whalen_

Date: 1·20·17

Riedy Construction Inc.

By: *Mark J. Riedy*

Date: January 20, 2017

EXHIBIT
C



12360 S. Industrial Dr. East
Plainfield, IL 60585
Phone: (630) 961-3876
Fax:    (630) 961-3877

## HH Greg
1508 Butterfield Rd.
Downers Grove, IL

**SUB CONTRACTOR CHANGE ORDER**

**No. 02**

**TITLE:** Millwork

**DATE:** 2/21/2017

**PROJECT:** HH Greg Downers Grove

**JOB #:** 3124

**TO:** Lakewood Carpentry
1540 Hannah Ave.
Forest Park, IL 60130

**CONTRACT NO.:**

**ATTN:** Scott

| DESCRIPTION OF CHANGE | |
|---|---|
| Furnish and Install Crown Trim | $ 7,781.00 |
| Re-hang exterior walls after blocking | $ 2,115.00 |
| Credit for closet and door install removed from scope | $ (3,233.00) |

**TOTAL $**   6,663.00

| | |
|---|---|
| The Original Contract Sum was | $44,000.00 |
| Net Change by Previously Authorized Requests and Changes | $4,549.00 |
| The Contract Sum Prior to This Change Order Was | $48,549.00 |
| The Contract Sum will be Increased / Decreased by | $6,663.00 |
| The New Contract Sum Including This Change Order | $55,212.00 |
| The Contract Time Will be Changed | 0 |

**ACCEPTED:**

Lakewood Carpentry

By: _Keatly Whedwa_

Date: _3-9-2017_

Riedy Construction Inc.

By: _Mark J. Riedy_

Date: February 21, 2017

Riedy Internal R

3/9/2017



12360 S. Industrial Dr. East
Plainfield, IL 60585
Phone: (630) 961-3876
Fax: (630) 961-3877

## HH Greg
1508 Butterfield Rd.
Downers Grove, IL

**SUB CONTRACTOR CHANGE ORDER**

**No. 03**

---

**TITLE:** Low Walls

**DATE:** 2/21/2017

**PROJECT:** HH Greg Downers Grove

**JOB #** 3124

**TO:** Lakewood Carpentry
1540 Hannah Ave.
Forest Park, IL 60130

**CONTRACT NO.:**

**ATTN:** Scott

---

**DESCRIPTION OF CHANGE**

Provide low walls per EWA #26873                                                                    $    4,673.00

---

**TOTAL  $    4,673.00**

| | |
|---|---:|
| The Original Contract Sum was | $44,000.00 |
| Net Change by Previously Authorized Requests and Changes | $11,212.00 |
| The Contract Sum Prior to This Change Order Was | $55,212.00 |
| The Contract Sum will be Increased / Decreased by | $4,673.00 |
| The New Contract Sum Including This Change Order | $59,885.00 |
| The Contract Time Will be Changed | 0 |

**ACCEPTED:**

Lakewood Carpentry

By: _Kathy Wholesa_

Date: _3-9-2017_

Riedy Construction Inc.

By: _Mark J. Riedy_

Date: February 21, 2017

CO 3 low walls                                                                    3/9/2017

# EXHIBIT
# D

**USPS Form 3877 Facsimile**
**Mixed Special Services**

Customer Mailer ID / DUNS Number: 926748001

Software Version: 02.12.0034

Page 1 of 1

| USPS Article Number | Destination Zip Code | Postage | Special Service Type | Special Service Fee | Other Fees | Total Charge | Customer Reference |
|---|---|---|---|---|---|---|---|
| 91719999917037385 3530 | 44128 | 0.460 | C RR | 3.35 1.45 | 0.00 | 5.260 | 170438612 |
| 91719999917037385 3547 | 60126 | 0.460 | C RR | 3.35 1.45 | 0.00 | 5.260 | 170438612 |
| 91719999917037385 3554 | 20852 | 0.460 | C RR | 3.35 1.45 | 4.95 | 10.210 | 170438612 |
| 91719999917037385 3561 | 46240 | 0.460 | C RR | 3.35 1.45 | 4.95 | 10.210 | 170438612 |
| 91719999917037385 3578 | 20814 | 0.460 | C RR | 3.35 1.45 | 0.00 | 5.260 | 170438612 |
| 91719999917037385 3585 | 62703 | 0.460 | C RR | 3.35 1.45 | 0.00 | 5.260 | 170438612 |
| 91719999917037385 3592 | 62703 | 0.460 | C RR | 3.35 1.45 | 0.00 | 5.260 | 170438612 |
| 91719999917037385 3608 | 20814 | 0.460 | C RR | 3.35 1.45 | 0.00 | 5.260 | 170438612 |
| | | | | | | | |
| | | | | | | | |
| Page Totals | 8 | 3.680 | | 38.40 | 9.90 | 51.980 | |
| Cumulative Totals | 8 | 3.680 | | 38.40 | 9.90 | 51.980 | |

**Postal Service Certification**

Round Stamp:

Total Number of Pieces Received: _____

Date: APR 19 2017

Signature of Receiving Employee _____

USPS Form 3877 (Facsimile)

EXHIBIT D

Document received on 11/9/18 5:04 PM  Document accepted on 11/13/2018 07:04:21 # 4403109/170431103930

RIEDY CONSTRUCTION, INC.
Attn: Mark  Riedy
12360 S. Industrial Drive, East
Plainfield, IL 60585-
No. 170438612        April 19, 2017

LAKEWOOD CARPENTRY SERVICES, INC.

Federal Realty Investment Trust
Attn: Trust Officer
4800 Hampden Ln., Ste. 500
Bethesda, MD 20814
No: 170438612      April 19, 2017

LAKEW    91 7199 9991 7037 3858 3608

FRLP, Inc.
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703
No: 170438612      April 19, 2017

LAKEW    91 7199 9991 7037 3858 3585

Gregg Appliances, Inc.
Attn: Robert J. riesbeck
4151 E. 96th St.
Indianapolis, IN 46240
No: 170438612      April 19, 2017

LA    91 7199 9991 7037 3858 3561

RIEDY CONSTRUCTION, INC.
c/o Channing Blair Hesse
340 W. Butterfield Road, Suite 2A
Elmhurst, IL 60126
No: 170438612      April 19, 2017

LAKEWOOD CARPENTRY SERVICES, INC.

91 7199 9991 7037 3858 3547

Gregg Appliances, Inc
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703
No: 170438612      April 19, 2017

LAKEWOOD CARPENTRY    91 7199 9991 7037 3858 3592

Federal Realty Investment Trust
Attn: Trust Officer
7115 Arlington Rd. Bethesda Ave.
Bethesda, MD 20814
No: 170438612      April 19, 2017

LAKEWOOD CARPENTRY SERVICES    91 7199 9991 7037 3858 3578

FRLP, Inc.
Attn: Donald C. Wood
1626 E. Jefferson St.
Rockville, MD 20852
No: 170438612      April 19, 2017

91 7199 9991 7037 3858 3554

Herschman Architects, Inc.
25001 Emery Road, Suite 400
Cleveland, IL  44128
No: 170438612      April 19, 2017

LAKEWOOD CARPENTRY SERVICES, INC.
91 7199 9991 7037 3858 3530


**UNITED STATES**
**POSTAL SERVICE**

Date: May 2, 2017

Linda Cole:

The following is in response to your May 2, 2017 request for delivery information on your Certified Mail™ item number 9171999991703738583578.  The delivery record shows that this item was delivered on April 24, 2017 at 1:52 pm in BETHESDA, MD  20814. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



**UNITED STATES**
**POSTAL SERVICE.**

Date: May 2, 2017

Linda Cole:

The following is in response to your May 2, 2017 request for delivery information on your Certified Mail™ item number 9171999991703738583554.  The delivery record shows that this item was delivered on April 24, 2017 at 9:59 am in ROCKVILLE, MD  20852. The scanned image of the recipient information is provided below.

Signature of Recipient :    

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service


**UNITED STATES**
**POSTAL SERVICE**

Date: May 2, 2017

Linda Cole:

The following is in response to your May 2, 2017 request for delivery information on your Certified Mail™ item number 9171999991703738583561.  The delivery record shows that this item was delivered on April 21, 2017 at 2:41 pm in INDIANAPOLIS, IN  46240. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

# EXHIBIT
# E

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
COUNTY OF DUPAGE, STATE OF ILLINOIS**

LAKEWOOD CARPENTRY SERVICES, INC., an )
Illinois corporation,                    )
                            Plaintiff,    )
        v.                                )
                                          )   Case No.:   **2018CH001388**
RIEDY CONSTRUCTION, INC., a dissolved Illinois )
corporation; FEDERAL REALTY INVESTMENT )
TRUST, a Maryland corporation; GREGG )
APPLIANCES, INC. d/b/a HHGregg, an Indiana )
corporation; FRLP, INC., a Massachusetts )
corporation; D & P CONSTRUCTION CO., INC., an )
Illinois corporation; WESTBROOK ELECTRIC )
CONSTRUCTION, LLC, a limited liability company; )
S.J. CARLSON FIRE PROTECTION, INC., an )
Illinois corporation; CUSTOM CREATIONS AND )
RENOVATIONS LLC, a foreign limited liability )
company; K&J PAINTING LLC, a limited liability )
company; VALOR TECHNOLOGIES, INC., an )
Illinois corporation; CLASSIC FLOORING, INC., an )
Illinois corporation; and ALL UNKNOWN )
OWNERS, UNKNOWN NECESSARY PARTIES, )
and NON-RECORD CLAIMANTS, )
                                          )
                            Defendants.   )

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
••••••••• DuPage County •••••••••
TRAN# : 170431103930/( 4403109 )
2018CH001388
FILEDATE : 11/09/2018
Date Submitted : 11/09/2018 05:04 PM
Date Accepted : 11/13/2018 07:02 AM
KUFER.JAMES
3-8-2019 rm2004 9am
•••••••••••••••••••••••••

<u>**VERIFIED COMPLAINT TO FORECLOSE
ON MECHANICS LIEN AND OTHER RELIEF**</u>

NOW COMES the Plaintiff, LAKEWOOD CARPENTRY SERVICES, INC., an Illinois

corporation, by and through its attorneys, Chitkowski Law Offices, and for its Verified

Complaint to Foreclose on Mechanics Lien and for Other Relief against the Defendants, RIEDY

CONSTRUCTION, INC., a dissolved Illinois corporation; FEDERAL REALTY INVESTMENT

TRUST, a Maryland corporation; GREGG APPLIANCES, INC. d/b/a HHGregg, an Indiana

corporation; FRLP, INC., a Massachusetts corporation; D & P CONSTRUCTION CO., INC., an

Illinois corporation; WESTBROOK ELECTRIC CONSTRUCTION, LLC, an Illinois limited

liability company; S.J. CARLSON FIRE PROTECTION, INC., an Illinois corporation;

1



CUSTOM CREATIONS AND RENOVATIONS LLC, a foreign limited liability company; K&J PAINTING LLC, an Illinois limited liability company; VALOR TECHNOLOGIES, INC., an Illinois corporation; CLASSIC FLOORING, INC., an Illinois corporation; and ALL UNKNOWN OWNERS, UNKNOWN NECESSARY PARTIES, and NON-RECORD CLAIMANTS, and in support thereof states and alleges as follows:

## COUNT I
## FORECLOSURE ON MECHANICS LIEN

1.    Plaintiff, LAKEWOOD CARPENTRY SERVICES, INC. ("LAKEWOOD"), is an Illinois corporation engaged in the construction industry with its principal place of business located at 1540 Hannah Ave, Forest Park, IL 60130.

2.    Defendant, RIEDY CONSTRUCTION, INC. ("RIEDY"), is a dissolved Illinois corporation that was engaged in the construction industry and had its principal place of business located at 12360 S Industrial Drive East, Plainfield, IL 60585.

3.    Defendant, FEDERAL REALTY INVESTMENT TRUST ("FEDERAL REALTY"), is a Maryland corporation with its principal place of business located at 1626 E Jefferson Street, Rockville, MD 20852 that possesses an ownership interest in the real property commonly known as "Finley Square – hhgregg, 1508 Butterfield Rd, Downers Grove, IL 60515, having P.I.N. 06-30-403-023 and legally described as set forth in the attached Exhibit A. *See* Mechanic Lien Claim, marked as Exhibit A, attached hereto and made a part hereof.

4.    Defendant, GREGG APPLIANCES, INC. d/b/a HHGregg ("GREGG"),, is an Indiana corporation that possesses an interest in the Property.

5.    Defendant, FRLP, INC. ("FRLP"), is a Massachusetts corporation that possesses an interest in the Property.

6.    Defendant, D & P CONSTRUCTION CO., INC., is an Illinois corporation that

2

possesses an interest in the Property as a mechanics lien claimant.

7.      Defendant,    WESTBROOK    ELECTRIC    CONSTRUCTION,    LLC ("WESTBROOK") is an Illinois limited liability company that possesses an interest in the Property as a mechanics lien claimant.

8.      Defendant, S.J. CARLSON FIRE PROTECTION, INC. ("SJ CARLSON") is an Illinois corporation that possesses an interest in the Property as a mechanics lien claimant.

9.      Defendant, CUSTOM CREATIONS AND RENOVATIONS LLC ("CUSTOM") is a foreign limited liability company that possesses an interest in the Property as a mechanics lien claimant.

10.      Defendant, K&J PAINTING LLC, is an Illinois limited liability company that possesses an interest in the Property as a mechanics lien claimant.

11.      Defendant, VALOR TECHNOLOGIES, INC., is an Illinois corporation that possesses an interest in the Property as a mechanics lien claimant.

12.      Defendant, CLASSIC FLOORING, INC., is an Illinois corporation that possesses an interest in the Property as a mechanics lien claimant.

13.      On information and belief, on or before December 28, 2016, FEDERAL REALTY and/or GREGG entered into a contract with RIEDY, whereby RIEDY agreed to serve as the general contractor for the construction and improvements being performed on the Property.

14.      On or about January 23, 2017, RIEDY entered into an agreement with LAKEWOOD, whereby LAKEWOOD agreed to provide labor and material for the installation of metal stud, drywall, taping, acoustical ceilings, and related work at the Property (hereinafter "Subcontract"). *See* Subcontract, marked as Exhibit B, attached hereto and made a part hereof.

3

15.    In consideration of LAKEWOOD'S performance, FEDERAL REALTY and RIEDY agreed to and were obligated to compensate LAKEWOOD the total contract price of Forty Four Thousand and 00/100 Dollars ($44,000.00). *See* Exhibit B.

16.    At the special instance and request of REIDY, and with knowledge and consent of FEDERAL REALTY and/or GREGG, LAKEWOOD furnished extra work and additional labor and materials pursuant to the Subcontract for the Project ("Change Orders") at a cost and value of Fifteen Thousand Eight Hundred Eighty Five and 00/100 Dollars ($15,885.00). *See* Change Orders, marked as Exhibit C, attached hereto and made a part hereof.

17.    On or about February 14, 2017, LAKEWOOD fully and satisfactorily completed all labor and material for work pursuant to the Subcontract and Change Orders.

18.    As of this date, after crediting RIEDY for payments made and allowances given, the total sum of Fifty Three Thousand Nine Hundred Forty Five and 00/100 Dollars ($53,945.00) became due and owing to LAKEWOOD under the terms of the Subcontract and Change Orders.

19.    LAKEWOOD duly complied with Section 60/24 of the Illinois Mechanics Lien Act by serving the then owners of record for the Property and all other interested parties with its Mechanics Lien Notice via certified mail return receipt requested on April 19. 2017, within ninety (90) days of LAKEWOOD'S last day of work on the Property. *See* Mechanics Lien Notice, marked as Group Exhibit D, attached hereto and made a part hereof.

20.    LAKEWOOD duly complied with Section 60/7 of the Illinois Mechanics Lien Act by recording its Mechanics Claim in the Office of the Recorder of Deeds of DuPage County, Illinois for Lien as document number R2017-045771 on May 11, 2017, within four months of its last day of work. *See* Exhibit A.

21.    LAKEWOOD is entitled to and does claim a Mechanic's Lien upon the Property

4

for Fifty Three Thousand Nine Hundred Forty Five and 00/100 Dollars ($53,945.00) pursuant to statute by reason of the failure of said sum to be satisfied to date.

22.    In addition to the persons designated by name herein, there are other persons who are or may be interested in this action and who have or claim some right, title, lien or interest in, to or upon the Property herein above described, or some parts thereof, or any unknown or unidentified present holders of title, or the Notes secured by the mortgages, tenants, or other parties in possession, other persons having or claiming mechanic's liens which are not of record, the beneficiary or beneficiaries of any land trust, or any unknown or unidentified title holder, their successors, assigns, spouses, and others, the names of which persons are unknown to LAKEWOOD and cannot be ascertained by diligent inquiry, and all such persons are therefore made party defendants to this action by the name and description "ALL UNKNOWN OWNERS, UNKNOWN NECESSARY PARTIES, and NON-RECORD CLAIMANTS."

23.    Defendants, FEDERAL REALTY, RIEDY, GREGG and FRLP have or claim to have, some interest in the Property, as a mortgagor, encumbrancer, purchaser, or otherwise, the nature of which may be unknown to LAKEWOOD, such interest, if any there be, are subject, subordinate, and inferior to the rights of LAKEWOOD.

24.    Despite having served FEDERAL REALTY and RIEDY with its Contractor's Claim for Lien, Defendants have failed to pay LAKEWOOD the full amount due and owing.

25.    Defendants' failure to pay LAKEWOOD is without just cause or right.

WHEREFORE, Plaintiff, LAKEWOOD CARPENTRY SERVICES, INC., an Illinois corporation, prays as follows:

a.    That the Court determine that LAKEWOOD is entitled to and has a valid Mechanics Lien claim on and against the following property for the following amount: Finley Square – hhgregg, 1508 Butterfield Rd, Downers Grove, IL 60515, having P.I.N. 06-30-403-023 as stated in Exhibit A, in the amount of Fifty

5

<u>Three Thousand Nine Hundred Forty Five and 00/100 Dollars</u> ($53,945.00) plus interest pursuant to statute in such case made and provided, and plus costs.

b.    That an accounting be taken in this behalf under the direction of the Court;

c.    That Defendants be ordered to pay LAKEWOOD whatever sums shall be found due it on taking of account, together with interest and costs;

d.    That a receiver be appointed to collect the rents, issues and profits of the premises;

e.    That in default of payment, the premises and all improvements thereon be sold, as the court may direct, to satisfy the amount due LAKEWOOD;

f.    In case of a sale and failure to redeem from the sale, Defendants, and all persons claiming by, through or under them may be forever barred and foreclosed from all rights or equity of redemption;

g.    That, in case the proceeds of such sale be insufficient to pay the full amount due LAKEWOOD including interest and costs, a deficiency decree may be entered against the Defendants as may be found personally liable to pay the same and that execution may issue thereon.

h.    In the alternative, that this Court enter judgment in favor of LAKEWOOD and against the Defendants in the amount <u>Fifty Three Thousand Nine Hundred Forty Five and 00/100 Dollars</u> ($53,945.00) plus interest pursuant to statute together with all costs incurred by LAKEWOOD in bringing this proceeding;

i.    That this Court tax the Defendants and all other owners and tenants an amount sufficient to reimburse LAKEWOOD for its reasonable attorneys' fees and costs for Defendants' and any and all other owner's or tenant's failure to pay the amount due and owing to LAKEWOOD without just cause or right; and

j.    That LAKEWOOD may have such other relief as the court shall deem proper.

**COUNT II**
**SECTION 28 CLAIM**

NOW COMES the Plaintiff, LAKEWOOD CARPENTRY SERVICES, INC., by and through its attorneys, Chitkowski Law Offices, and for its Claim under Section 28 of the Illinois Mechanics Lien Act against the Defendants, FEDERAL REALTY INVESTMENT TRUST and RIEDY CONSTRUCTION, INC., and in support thereof states and alleges as follows:

6

1-21.    LAKEWOOD repeats and realleges its allegations contained in paragraphs one (1) through twenty-one (21) of Count I as and for its allegations contained in paragraphs one (1) through twenty-one (21) of Count II.

22.    At all relevant times, Section 28 of the Illinois Mechanics Lien Act set forth, in pertinent part, as follows:

> "if any money due to the…subcontractor be not paid within 10 days after his notice is served as provided…,…he may sue the FEDERAL REALTY and contractor jointly for the amount due in the Circuit Court, and a personal judgment may be rendered therein, as in other cases." *See* 770 ILCS 60/28.

23.    LAKEWOOD has made repeated demands for payment in the amount of <u>Fifty Three Thousand Nine Hundred Forty Five and 00/100 Dollars</u> ($53,945.00) plus interest from FEDERAL REALTY and RIEDY to no avail.

24.    The failure of FEDERAL REALTY and RIEDY to submit payment to LAKEWOOD renders them subject to joint liability pursuant to Section 28 of the Illinois Mechanics Lien Act.

WHEREFORE the Plaintiff, LAKEWOOD CARPENTRY SERVICES, INC., respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, FEDERAL REALTY INVESTMENT TRUST and RIEDY CONSTRUCTION, INC., jointly and severally, in the amount of <u>Fifty Three Thousand Nine Hundred Forty Five and 00/100 Dollars</u> ($53,945.00) plus interest, costs and attorneys' fees incurred in pursuing this action, and for any further relief that this Honorable Court deems just and equitable.

## COUNT III
### BREACH OF CONTRACT

NOW COMES the Plaintiff, LAKEWOOD CARPENTRY SERVICES, INC., by and through its attorneys, Chitkowski Law Offices, and for its claim for Breach of Contract against

7

the Defendant, RIEDY CONSTRUCTION, INC., and in support thereof states and alleges as follows:

1-18.    LAKEWOOD repeats and realleges its allegations contained in paragraphs one (1) through eighteen (18) of Count I as and for its allegations contained in paragraphs one (1) through eighteen (18) of Count III.

19.    LAKEWOOD has made repeated demands for payment of all outstanding sums to no avail.

20.    Despite the demands made by LAKEWOOD, RIEDY has refused and continues to refuse to tender full payment to LAKEWOOD to date.

21.    The failure of RIEDY to tender full payment to LAKEWOOD constitutes a breach of contract.

22.    RIEDY's failure to tender payment to LAKEWOOD for the labor and materials it furnished under the Subcontract constitutes an unreasonable delay of payment as set forth in Section 205/2 of Chapter 815 of the Illinois Code of Civil Procedure. *See* 815 ILCS 205/2.

23.    LAKEWOOD is entitled to pre-judgment interest at the rate of five percent (5%) per annum on all monies withheld due to an unreasonable delay of payment.

24.    As a result of the actions of RIEDY resulting in a breach of the Subcontract, LAKEWOOD has suffered damages in an amount in excess of Fifty Three Thousand Nine Hundred Forty Five and 00/100 Dollars ($53,945.00) plus interest as provided under Section 205/2 of Chapter 815 of the Illinois Code of Civil Procedure.

8

WHEREFORE the Plaintiff, LAKEWOOD CARPENTRY SERVICES, INC., respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, RIEDY CONSTRUCTION, INC., in the amount of Fifty Three Thousand Nine Hundred Forty Five and 00/100 Dollars ($53,945.00) plus interest at the rate of five percent (5%) per annum, along with all costs and attorneys' fees incurred in pursuing this action, and for any further relief that this Honorable Court deems just and equitable.

Respectfully submitted,
LAKEWOOD CARPENTRY SERVICES, INC.

By: _____
One of its attorneys

Firm Number: 25114
CHITKOWSKI LAW OFFICES
Corey B. Stern (ARDC # 06273102)
John J. Chitkowski (ARDC # 06205638)
901 Warrenville Road, Suite 103
Lisle, Illinois 60532
Tel. 630-824-4808 | Fax 630-824-4809
cbs@chitkowskilaw.com
jjc@chitkowskilaw.com

9

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

LAKEWOOD CARPENTRY SERVICES, INC.

By: _____

Its: **President** _____

Firm Number: 25114
CHITKOWSKI LAW OFFICES
Corey B. Stern (ARDC # 06273102)
John J. Chitkowski (ARDC # 06205638)
901 Warrenville Road, Suite 103
Lisle, Illinois 60532
Tel. 630-824-4808 | Fax 630-824-4809
cbs@chitkowskilaw.com
jjc@chitkowskilaw.com

10