IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>hhgregg, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-01302-JJG-11<br><br>(Jointly Administered) |

**MOTION TO COMPROMISE AND SETTLE CLAIMS
ASSERTED IN ADVERSARY PROCEEDINGS**

The Official Committee of Unsecured Creditors of Gregg Appliances, Inc. (the "Plaintiff"), by counsel and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, petitions the Court for approval to settle and compromise certain claims the Plaintiff has asserted against The CIT Group/Commercial Services, Inc. ("CIT"), Corinthian, Inc., Coast to Coast Imports, Inc., Crown Mark, Inc., Elements International Group, LLC, Jackson Furniture Industries, Inc., JoFran, Inc., Southern Motion, Inc., Standard Furniture Manufacturing Company, LLC fdba Standard Furniture Manufacturing Company, Inc., and Sunny Designs, Inc., (collectively including CIT, the "Defendants") for recovery of transfers pursuant to Sections 547, 548, 549 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") on the following grounds:

**I.   BACKGROUND**

1.   On March 6, 2017 (the "Petition Date") the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code and a trustee has not been appointed.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); and HHG Distributing LLC (5875). The location of the Debtors' corporate headquarters is 755 W. Carmel Drive, Suite 207, Carmel, Indiana 46032.

2. On March 10, 2017, the Office of the United States Trustee for the Southern District of Indiana (the "U.S. Trustee") appointed the Committee. [Dkt. No. 118].[2]

3. On March 13, 2017, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes only. [Dkt. Nos. 138, 139].

4. On May 2, 2017, the Court entered the *Final Order (I) Authorizing Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Parties and Modifying the Automatic Stay Pursuant To 11 U.S.C. §§ 361, 362, 363, and 364* (the "Final DIP Order")[3] which, among other things, granted the Committee exclusive standing to pursue causes of action under Chapter 5 of the Bankruptcy Code.

5. Plaintiff commenced before the Court the following Adversary Proceedings (collectively, the "Adversary Proceedings") asserting that the Debtors made transfer(s) as set forth in those Adversary Proceedings in the aggregate amount of $7,771,862.12 (the "Transfers") to respective Defendants that are avoidable under the provisions of Sections 547-550 of the Code:

| Adv. Proc. No. | Defendants |
| --- | --- |
| 18-50037 | The CIT Group/Commercial Services, Inc. |
| 17-50279 | Corinthian, Inc. |
| 17-50278 | Coast to Coast Imports, LLC |
| 17-50280 | Crown Mark, Inc. |
| 17-50285 | Elements International Group, LLC |
| 17-50289 | Jackson Furniture Industries, Inc. |
| 17-50290 | Jofran Inc. |
| 17-50298 | Southern Motion, Inc. |
| 17-50300 | Standard Furniture Manufacturing Company, LLC |
| 17-50302 | Sunny Designs, Inc. |

---

[2] All docket items referenced are from Case No. 17-01302-JJG-11, under which the Debtors' bankruptcy cases are jointly administered.

[3] Dkt. No. 923.

6.  Defendants each filed Answers to the respective Complaints commencing the Adversary Proceedings. Thereafter, Plaintiff and Defendants engaged in settlement discussions, including through mediation, and Defendants provided evidence of a new value defense and asserted various other defenses to the claims contained in the Complaints.

## II.     RELIEF REQUESTED

7.  The settlement discussions were successful which resulted in the Parties entering into a settlement agreement (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit A**. The Settlement Agreement provides that, in full and final settlement of its alleged liability for the Transfers under Chapter 5 of the Bankruptcy Code, Defendant CIT shall pay to Plaintiff the amount of $2,250,000.00 (the "Settlement Payment". Plaintiff and Defendants will be deemed to have exchanged mutual releases of all liability based on the Adversary Proceedings. Defendants claims in the bankruptcy proceedings will be unaffected except that Defendant CIT waives any right to file a proof of claim for unsecured amounts owing as of the filing date or to assert a claim under Section 502(h) of the Bankruptcy Code in the amount of Settlement Payment; provided however, CIT retains the right to assert a claim for prepetition amounts owing entitled to administrative status under Section 503(b)(9) of the Bankruptcy Code, which amount is estimated to be approximately $375,000.

8.  By this Motion, the Plaintiff requests that the Court enter an Order approving the Settlement Agreement, whereby the Court authorizes Plaintiff to settle the claims asserted against Defendants pursuant to the terms of the Settlement Agreement.

## III.    BASIS FOR GRANTING RELIEF

9.  Federal Rule of Bankruptcy Procedure 9019(a) provides that the Court may approve a

compromise or settlement after motion by the trustee (or plaintiff), notice to creditors, and a hearing.

10.　Approval of a proposed settlement rests solely in the discretion of the bankruptcy court. *Matter of Andreuccetti,* 975 F.2d 413, 421 (7th Cir. 1992). While the Court must "determine whether the proposed settlement is fair and equitable and in the best interests of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement. *Depoister v. Mary M. Holloway Foundation,* 36 F.3d 582, 586-87 (7th Cir. 1994). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts and it may give weight to the trustee's (or plaintiff's) informed judgment and consider the competency and experience of counsel supporting the compromise. *Mary M. Holloway Foundation,* 36 F.3d 582; *In re la Distr. Ctrs., Inc.,* 103 B.R. 420, 422-23 (S.D.N.Y. 1989).

11.　The factors relevant to the Court's inquiry include (a) the probability of success in the litigation; (b) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (c) the paramount interest of creditors. *In re American Reserve Corp.,* 841 F.2d 159, 161 (7th Cir. 1987); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

12.　The Plaintiff believes that the settlement is a reasonable exercise of sound business judgment and is in the best interest of creditors for the following reasons:

　　(i)　Given the evidence and other information before the Plaintiff, there is a risk that the Plaintiff will either not prevail at trial or will not recover on any judgment obtained;

　　(ii)　A trial will result in added cost and expenses to the estate; and

　　(iii)　It is in the best interest of creditors and this estate that the Plaintiff not spend any additional time and cost on this adversary proceeding.

**WHEREFORE,** the Plaintiff respectfully petitions the Court for an order: (1) approving the

Settlement Agreement on the terms and conditions set forth in this motion; (2) authorizing the Plaintiff to execute all necessary documents and releases as required to complete the settlement; and (3) for all other just and proper relief.

Dated: May 20, 2019                    ASK LLP

*/s/ Joseph L. Steinfeld, Jr.*_____
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3850
Fax: (651) 406-9676
Email: jsteinfeld@askllp.com

-and-

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-734
Fax: (212) 918-3427

*Counsel to the Official Committee of Unsecured Creditors of Gregg Appliances, Inc.*