IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>hhgregg, Inc., *et al.*[1],<br>Debtors. | Chapter 11<br><br>Case No. 17-01302-JJG-11<br><br>(Jointly Administered) |
| Official Committee of Unsecured Creditors of Gregg Appliances, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>The CIT Group/Commercial Services, Inc.,<br><br>Defendant. | Adv. No. 18-50037 |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: (1) the Official Committee of Unsecured Creditors of Gregg Appliances, Inc., (the "Plaintiff" or "Committee"); and (2) The CIT Group/Commercial Services, Inc. ("CIT"), Corinthian, Inc., Coast to Coast Imports, Inc., Crown Mark, Inc., Elements International Group, LLC, Jackson Furniture Industries, Inc., JoFran, Inc., Southern Motion, Inc., Standard Furniture Manufacturing Company, LLC fdba Standard Furniture Manufacturing Company, Inc., and Sunny Designs, Inc., (collectively including CIT, the "Defendants"). Hereinafter, Plaintiff and Defendants are referred to collectively as the "Parties."

**WHEREAS,** on March 6, 2017, hhgregg, Inc. and its debtor affiliates (the "Debtors") each filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the Southern District of Indiana (the "Court"), thereby commencing bankruptcy cases which are now jointly administered under Case No. 17-01302-JJG (the "Case");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); and HHG Distributing LLC (5875). The location of the Debtors' corporate headquarters is 755 W. Carmel Drive, Suite 207, Carmel, Indiana 46032.

WHEREAS, on March 10, 2017, the Office of the United States Trustee for the Southern District of Indiana (the "U.S. Trustee") appointed the Committee. [D.I. 118];

WHEREAS, on May 2, 2017, the Court entered an order (the "Final DIP Order," D.I. 923) which, among other things, granted the Committee exclusive standing to pursue causes of action under Chapter 5 of the Bankruptcy Code;

WHEREAS, pursuant to the Final DIP Order, the Committee has "the exclusive right, authority, standing and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, monetize, assign, transfer, release, withdraw, or litigate to judgment" certain causes of action under chapter 5 of the Bankruptcy Code, including the instant avoidance action, in consultation with the DIP Agent and FILO Agent;

WHEREAS, Plaintiff commenced before the Court the following Adversary Proceedings (collectively, the "Adversary Proceedings") asserting that the Debtors made transfer(s) as set forth in those Adversary Proceedings in the aggregate amount of $7,771,862.12 (the "Transfers") to respective Defendants that are avoidable under the provisions of Sections 547-550 of the Code:

| Adv. Proc. No. | Defendant |
|---|---|
| 18-50037 | The CIT Group/Commercial Services, Inc. |
| 17-50279 | Corinthian, Inc. |
| 17-50278 | Coast to Coast Imports, LLC |
| 17-50280 | Crown Mark, Inc. |
| 17-50285 | Elements International Group, LLC |
| 17-50289 | Jackson Furniture Industries, Inc. |
| 17-50290 | Jofran Inc. |
| 17-50298 | Southern Motion, Inc. |
| 17-50300 | Standard Furniture Manufacturing Company, LLC |
| 17-50302 | Sunny Designs, Inc. |

WHEREAS, following good faith negotiations, Plaintiff and Defendants desire to settle and compromise these matters, on the terms set forth herein, to avoid the cost and uncertainty of further litigation; and

WHEREAS, CIT has agreed to pay the Settlement Payment (as defined herein) to Plaintiff in full and final settlement of its alleged liability of all Defendants for the Transfers under Chapter 5 of the Code or otherwise.

NOW THEREFORE, the Parties agree as follows:

1. CIT Payment. Within seven (7) business days of receipt by CIT of (a) a fully executed copy of this Settlement Agreement as approved by an order of the Bankruptcy Court which order either (a) is final and non-appealable by its terms; or (b) has been entered after due notice and opportunity for objection without any such objection having been interposed (in either event, the "Final Approval Order") and

2

(b) an IRS Form W-9 from the denominated payee, CIT shall pay to the Plaintiff the sum of $2,250,000 U.S. Dollars (the "Settlement Payment").

2. Settlement Effective Date. This Settlement Agreement shall become effective upon receipt by the Plaintiff of the full amount of the Settlement Payment (such date, the "Settlement Effective Date").

3. Mutual Releases. Parties acknowledge this Settlement Agreement is intended to fully resolve the liability, if any, of all of the Defendants for the Transfers made by Debtors to any of the Defendants. On the Settlement Effective Date, Plaintiff and Defendants do forever release, acquit and forever discharge each other and all of their officers, directors, principals, partners, members, managers, shareholders, employees, representatives, agents, affiliates and professionals, and all of their respective predecessors, successors and assigns, from any and all liability for the Transfers made by the Debtors to Defendants.

4. Dismissal of Adversary Proceedings. Within ten (10) days after the Settlement Effective Date, counsel for the Plaintiff shall file a notice of dismissal or stipulation of dismissal with prejudice in each of the Adversary Proceedings.

5. Defendants' Claims Against Debtors' Estate. Notwithstanding the release set forth in Paragraph 3 hereof, Defendants' claim(s) and/or any proof of claim(s) against the Debtors, if any, shall not be amended, modified or otherwise affected as a result of this Settlement Agreement, and any pending objection to an existing claim in the Bankruptcy Cases shall not be granted, denied, modified, withdrawn, or otherwise affected by this settlement, except that CIT hereby (a) waives any right it may have to file a proof of claim for unsecured amounts owing as of the filing date or to assert a claim under Section 502(h) of the Bankruptcy Code in the amount of Settlement Payment; provided however, CIT retains the right to assert a claim for prepetition amounts owing entitled to administrative status under Section 503(b)(9) of the Bankruptcy Code, which amount is estimated to be approximately $375,000.

6. No Admission of Liability. Each of the Parties acknowledge this Settlement Agreement is a compromise of disputed claims and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by any Party. In the event the Bankruptcy Court fails to enter a Final Approval Order, this Agreement shall be deemed null and void and without prejudice to the Parties.

7. Entire Agreement. This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by the Parties.

8. Voluntary Act. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal

       counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9. <u>Attorney Fees</u>. Each Party shall bear its own attorneys' fees and costs relating to the Adversary Proceedings' settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if a Party must commence an action to enforce the terms of this Settlement Agreement, other than seeking the Final Approval Order, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

10. <u>No Assignment</u>. Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

11. <u>Execution in Counterparts</u>. It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of May 13, 2019.

**For Plaintiff:**

**ASK LLP**

By: _____

Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292, VA SBN 18666
Gary D. Underdahl, Esq.

Special Counsel for the Official Committee of Unsecured
Creditors of Gregg Appliances, Inc.

**For CIT:**

**The CIT Group/Commercial Services, Inc.**

By: _____
Print Name:
Title:

**For Corinthian, Inc., Coast to Coast Imports, Inc., Crown Mark, Inc., Elements International Group, LLC, Jackson Furniture Industries, Inc., JoFran, Inc., Southern Motion, Inc., Standard Furniture Manufacturing Company, LLC fdba Standard Furniture Manufacturing Company, Inc., and Sunny Designs, Inc., by their Counsel:**

**Hahn & Hessen LLP**

By: _____
Print Name:   Rosanne Thomas Matzat
Title:        Partner

Signature Page to Settlement Agreement

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of May ___, 2019.

**For Plaintiff:**

**ASK LLP**

By:_____

Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292, VA SBN 18666
Gary D. Underdahl, Esq.

Special Counsel for the Official Committee of Unsecured
Creditors of Gregg Appliances, Inc.

**For CIT:**

**The CIT Group/Commercial Services, Inc.**

By: *[signature: Timothy E Cropper]*
Print Name: Timothy E. Cropper
Title: Senior Vice President

**For Corinthian, Inc., Coast to Coast Imports, Inc., Crown Mark, Inc., Elements International Group, LLC, Jackson Furniture Industries, Inc., JoFran, Inc., Southern Motion, Inc., Standard Furniture Manufacturing Company, LLC fdba Standard Furniture Manufacturing Company, Inc., and Sunny Designs, Inc.,
by their Counsel:**

**Hahn & Hessen LLP**

By: *[signature]*
Print Name: Rosanne Thomas Matzat
Title: Partner