IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>hhgregg, Inc., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 17-01302-JJG-11<br><br>(Jointly Administered) |

**MOTION TO COMPROMISE AND SETTLE CLAIMS**
**ASSERTED IN ADVERSARY PROCEEDING NUMBER 18-50099**

The Official Committee of Unsecured Creditors of Gregg Appliances, Inc. (the "Plaintiff"), by counsel and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, petitions the Court for approval to settle and compromise certain claims the Plaintiff has asserted against Defendant, Zimmerman Advertising, LLC (the "Defendant" together with Plaintiff, the "Parties") for recovery of transfers pursuant to Sections 547, 548, 549 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") on the following grounds:

### I.    BACKGROUND

1. On March 6, 2017 (the "Petition Date") the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code and a trustee has not been appointed.

2. On March 10, 2017, the Office of the United States Trustee for the Southern District of Indiana (the "U.S. Trustee") appointed the Committee. [Dkt. No. 118].[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); and HHG Distributing LLC (5875). The location of the Debtors' corporate headquarters is 755 W. Carmel Drive, Suite 207, Carmel, Indiana 46032.
[2] All docket items referenced are from Case No. 17-01302-JJG-11, under which the Debtors' bankruptcy cases are jointly administered.

3. On March 13, 2017, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes only. [Dkt. Nos. 138, 139].

4. On May 2, 2017, the Court entered the *Final Order (I) Authorizing Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Parties and Modifying the Automatic Stay Pursuant To 11 U.S.C. §§ 361, 362, 363, and 364* (the "Final DIP Order")[3] which, among other things, granted the Committee exclusive standing to pursue causes of action under Chapter 5 of the Bankruptcy Code.

5. On or about May 24, 2018, Plaintiff filed its Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint"). The Plaintiff sought to avoid transfers to Defendant in the amount of $8,997,686.51 (the "Transfers").

6. On or about August 31, 2018, Defendant filed its Answer of Zimmerman Advertising, LLC (the "Answer").

7. Plaintiff and Defendant engaged in settlement discussions, including a lengthy mediation, and Defendant provided evidence of an ordinary course of business defense and a new value defense and asserted various other defenses to the claims contained in the Complaint.

## II.    RELIEF REQUESTED

8. The settlement discussions were successful which resulted in the Parties entering into a settlement agreement (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit A**. The Settlement Agreement provides that, in full and final settlement of its

---

[3] Dkt. No. 923.

alleged liability for the Transfers under Chapter 5 of the Bankruptcy Code, Defendant shall pay to Plaintiff the amount of $4,500,000.00. Defendant is deemed to have as of the date of an Order approving the Settlement Agreement, waived its right to file an unsecured nonpriority claim against the Debtors pursuant to section 502(h) of the Bankruptcy Code in the amount of $4,500,000.00.

9. By this Motion, the Plaintiff requests that the Court enter an Order approving the Settlement Agreement, whereby the Court authorizes Plaintiff to settle the claims asserted against Defendant pursuant to the terms of the Settlement Agreement.

### III.  BASIS FOR GRANTING RELIEF

10. Federal Rule of Bankruptcy Procedure 9019(a) provides that the Court may approve a compromise or settlement after motion by the trustee (or plaintiff), notice to creditors, and a hearing.

11. Approval of a proposed settlement rests solely in the discretion of the bankruptcy court. *Matter of Andreuccetti,* 975 F.2d 413, 421 (7th Cir. 1992). While the Court must "determine whether the proposed settlement is fair and equitable and in the best interests of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement. *Depoister v. Mary M. Holloway Foundation,* 36 F.3d 582, 586-87 (7th Cir. 1994). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts and it may give weight to the trustee's (or plaintiff's) informed judgment and consider the competency and experience of counsel supporting the compromise. *Mary M. Holloway Foundation,* 36 F.3d 582; *In re la Distr. Ctrs., Inc.,* 103 B.R. 420, 422-23 (S.D.N.Y. 1989).

12. The factors relevant to the Court's inquiry include (a) the probability of success in the litigation; (b) the complexity of the litigation involved, and the expense, inconvenience and delay

necessarily attending it; and (c) the paramount interest of creditors. *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

13. The Plaintiff believes that the settlement is a reasonable exercise of sound business judgment and is in the best interest of creditors for the following reasons:

(i) Given the evidence and other information before the Plaintiff, there is a risk that the Plaintiff will either not prevail at trial or will not recover on any judgment obtained;

(ii) A trial will result in added cost and expenses to the estate; and

(iii) It is in the best interest of creditors and this estate that the Plaintiff not spend any additional time and cost on this adversary proceeding.

**WHEREFORE,** the Plaintiff respectfully petitions the Court for an order: (1) approving the Settlement Agreement on the terms and conditions set forth in this motion; (2) authorizing the Plaintiff to execute all necessary documents and releases as required to complete the settlement; and (3) for all other just and proper relief.

Dated: August 1, 2019

ASK LLP

*/s/ Joseph L. Steinfeld, Jr.*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3850
Fax: (651) 406-9676
Email: jsteinfeld@askllp.com

-and-

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-734
Fax: (212) 918-3427

*Counsel to the Official Committee of Unsecured Creditors of Gregg Appliances, Inc.*