**SO ORDERED: December 12, 2019.**



_____
Jeffrey J. Graham
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| hhgregg, Inc., *et al.*,[1] | Case No. 17-01302- JJG -11 |
| Debtors. | (Joint Administration) |

**ORDER GRANTING MOTION OF THE DEBTORS AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER
(I) APPROVING SETTLEMENT AGREEMENT WITH ELECTROLUX
HOME PRODUCTS, INC. AND (II) GRANTING RELATED RELIEF**

This matter came before the Court on December 11, 2019, on the *Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order (I) Approving Settlement Agreement With Electrolux Home Products, Inc. and (II) Granting Related Relief* [Dkt. No. 2945] (the "Settlement Motion")[2] filed by hhgregg, Inc. and its above-captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors") and the official committee of unsecured creditors (the "Committee"). A separate *Amended Notice of Motion and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); HHG Distributing LLC (5875). The location of the Debtors' corporate headquarters is 4151 E. 96th Street, Indianapolis, IN 46240.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Opportunity to Object* [Dkt. No. 2952] describing the Settlement and giving creditors, the U.S. Trustee and other parties in interest notice of the deadline for objections thereto —fourteen (14) days from the date of service—in accordance with the Court's *Order on Debtors' Motion to Shorten Notice and For Expedited Hearing on Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order (I) Approving Settlement Agreement with Electrolux Home Products, Inc. and (II) Granting Related Relief* [Dkt. No. 2949] 1, was filed and served contemporaneously. Creditor and party-in-interest, Haier US Appliance Solutions, Inc. d/b/a GE Appliances, as successor-in-interest to the Appliances business unit of General Electric Company ("GEA") filed its *Limited Objection to Motion to Approve Settlement* on December 10, 2019 [Dkt. No. 2959](the "GEA Objection").

At the hearing, counsel for the Debtors, Committee and GEA presented the terms on which they have resolved the GEA Objection, which terms are memorialized in that *Agreed Entry Resolving Limited Objection to Motion to Approve Settlement*, filed on December 11, 2019 [Dkt. No. 2962](the "Agreed Entry"). Also at the hearing, Debtors offered a proffer of the testimony of Kevin Kovacs, CEO and CFO of the Debtors, in support of the Settlement Motion, which proffer was accepted by the Court without objection.

And the Court, having reviewed and considered the Settlement Motion, the GEA Objection, and the testimony of Kevin Kovacs, as proffered by Debtors, and having reviewed and approved the Agreed Entry resolving the GEA Objection, now finds as follows: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) (iv) the terms of the proposed Settlement described in the

Settlement Motion are fair, equitable, in the best interests of the Debtors' estates, and well within the range of reasonableness for approval under Rule 9019(a).

After the Court, having made the forgoing findings and being duly advised, now determines that the relief requested in the Settlement Motion is necessary and appropriate and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and good and sufficient cause having been shown, now finds that the Motion should be granted. Accordingly, it is **HEREBY ORDERED THAT**:

1. The terms of the Agreed Entry are incorporated herein.

2. The Motion is **GRANTED** as set forth herein.

3. The Settlement Agreement attached to the Settlement Motion as **Exhibit B**, and the Settlement described therein, are approved pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 9019(a) and Local Rule B-9019-1.

4. The Debtors and the Committee are authorized and empowered to settle the claims set forth in the Settlement Motion with Electrolux, pursuant to the terms set forth in the Settlement Agreement, and to take all steps necessary to carry out and otherwise effectuate the terms, conditions and provisions of the Settlement Agreement.

5. This Order (including the Settlement Agreement attached as **Exhibit B** to the Motion), together with all of the findings of fact and conclusions of law contained herein and as set forth on the record of the hearing on the Settlement Motion, is and shall be final, binding and effective on all parties in interest in the Debtors' chapter 11 cases (including, but not limited to, any subsequently appointed chapter 11 or chapter 7 trustee or any representative of any of the Debtors' estates appointed pursuant to 11 U.S.C. § 1123), as well as on each of the Parties.

###